## UNITED STATES v. KRUMM.

### (District Court, E. D. Pennsylvania. February 8, 1921.)

### No. 8.

1. **Food ⬳20(3)—Restriction to unbroken packages does not apply to shipper.**

   The restriction of the application of the Food and Drugs Act (Comp. St. §§ 8717–8728) to original unbroken packages applies only to those who receive in interstate commerce and thereafter deliver adulterated or misbranded articles, not to those who ship or deliver for shipment, so that an information charging that defendant shipped misbranded food in interstate commerce need not allege that it was shipped in original unbroken packages.

2. **Food ⬳20(3)—Indictment charging article branded "macaroni" was made of flour, and not "semolina," is not sufficient.**

   Since "macaroni" is defined as made from a paste from the flour of hard glutinous wheat, and "semolina" is defined as the hard grains retained in the bolting machine after the fine flour has passed through, an indictment charging interstate shipment of an article labeled "macaroni," which was adulterated and misbranded because made of flour, not of semolina, is not sufficiently definite, even though macaroni must not contain the fine flour which passes through the bolting machine.

3. **Indictment and information ⬳140(1)—Whether brand had acquired meaning contrary to that alleged is not to be determined on demurrer.**

   Whether the word "macaroni" had, in the course of manufacture, trade, and public use, come to have an accepted meaning different from that alleged in the information, is a trial question, not to be determined on demurrer to the information.

4. **Food ⬳15—Adulterated or misbranded article need not be harmful.**

   It is not necessary that an article of food, in order to be unlawfully adulterated or misbranded, within the Pure Food and Drugs Act (Comp. St. §§ 8717–8728), be dangerous to the public.

Albert C. Krumm, Jr., trading as A. C. Krumm & Son, was charged by information with violating the Food and Drugs Act, and he demurs to the information. Demurrer sustained.

Charles D. McAvoy, U. S. Atty., and Edward S. Kremp, Asst. U. S. Atty., both of Philadelphia, Pa.

Frederick L. Breitinger, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The United States attorney filed an information against the defendant, charging violation of the Food and Drugs Act (Comp. St. §§ 8717–8728) in shipping and delivering from Philadelphia, Pa., to Baltimore, Md., a number of packages, each containing an article of food labeled, marked, and branded as "Krumm's Macaroni." The first count charged that the article of food was adulterated, "in that a substance, to wit, a product pre-

pared from flour, had been substituted in whole or in part for macaroni, to wit, a product prepared from semolina, which the article purported to be." The second count charged that the article of food was misbranded, in that the word "macaroni" "was false and misleading, in this: That it represented that said article was macaroni, to wit, a product made from semolina, whereas, in truth and in fact, said article was not macaroni, to wit, a product made from semolina, but was a product made from flour."

The defendant demurs, upon the ground that the information does not set out any offense against the United States; that it is not averred that the packages were original unbroken packages; that it is not averred that semolina is not flour, or a product made from flour; that it is not averred that macaroni is a product wholly prepared from semolina; that the definition of the word "macaroni," as given in the information, is not in consonance with its meaning as accepted by the general public; and that it is not set forth that the article of food contained in the packages was dangerous to the health or welfare of the people, or intended to deceive the purchaser.

[1] The first ground of demurrer may be dismissed, for the reason that, while the Food and Drugs Act prohibits shipping or delivering for shipment in interstate or foreign commerce any article of food which is adulterated or misbranded, it does not restrict the offense of shipping or delivering for shipment to articles in original unbroken packages; the restriction to original unbroken packages applying only to those who receive in interstate commerce and, having received, deliver in original unbroken packages any adulterated or misbranded articles.

[2] As to the averments in relation to the substance contained in the packages, I think they are lacking in that particularity in both counts which should be observed to inform the defendant with certainty of the charge he is to meet at the trial. The offense under the first count, adulteration, arises, in the case of food, "if any substance has been substituted wholly or in part for the article," and the offense of misbranding arises, "if the packages containing it or its label shall bear any statement, design, or device, regarding the ingredients or substances contained therein, which statement, design, or device shall be false or misleading in any particular." According to the Century Dictionary, macaroni is a paste or dough prepared originally and chiefly in Italy from the glutinous granular flour of a hard variety of wheat. According to the Standard Dictionary, it is an Italian paste made into slender tubes from the flour of hard glutinous wheat mixed with water. Semolina is defined to be the hard grains retained in the bolting machine after the fine flour has passed through.

If the article in question, as averred in the first count, was prepared from flour, or, as averred in the second count, was made from flour. it was apparently macaroni. But if it is intended to charge that macaroni is not made from the whole of the flour which comes from the mill, but in order to be macaroni must be made from the large, hard grains retained in the bolting machine after the fine flour had passed through, the counts are lacking in averments that semolina is not a

part of the substance known as flour. Flour may be fine or coarse, it may be made from the whole grains of the wheat, as "whole wheat flour," or it may be the fine bolted flour. If it is meant by the indictment to charge that, in order for a substance to be macaroni, it must be made wholly from semolina, and not contain any of the fine flour which, upon passing through the bolting machine, leaves a residuum of semolina, the information should plainly so state.

It is of vast importance to the public that foodstuffs shall be what they purport to be through the labels, marks and brands upon the packages. It is a matter of common knowledge that in the fine wheat flour of commerce much of the nutritive- property of the grain is absent, which remains in "whole wheat flour." A purchaser of an article labeled "whole wheat flour" is entitled to receive what he is led to believe he is purchasing from what appears upon the label. Similarly, one who is purchasing an article labeled "macaroni" is entitled to receive the article containing nutritive ingredients which genuine macaroni is known to contain. Otherwise, the party substituting some other substance for the proper ingredients, or designating it by names which falsely represent the contents or mislead the public, is liable to the penalties of the act. If, however, one is charged under the act with adulteration and misbranding, he must be informed with sufficient particularity and certainty of the charge against him to enable him to prepare his defense. This particularity and certainty are obviously lacking in the information filed.

[3] It may be that in the course of manufacture, trade, and public use the name "macaroni" has come to mean an article made from flour, without regard to its containing semolina alone, and it may be that the word as accepted by the general public is not consonant with what was intended to be set out in the information. These, however, are trial questions.

[4] As to the remaining ground of demurrer, it is not necessary under the Pure Food and Drugs Act that an article, in order to be unlawfully adulterated or misbranded, must be dangerous to the health of the people.

Demurrer sustained.