### UNITED STATES v. TOT.
No. 197–c.

District Court, D. New Jersey.
Jan. 3, 1941.

William F. Smith, U. S. Atty., of Trenton, N. J., and Irwin L. Langbein, Sp. Asst. to Atty. Gen., for the Government.

George R. Sommer, of Newark, N. J., for defendant.

WATSON, District Judge.

This case is before the Court for determination of a demurrer to an indictment charging the defendant with violation of 15 U.S.C.A. § 902(f).

The indictment charges that the defendant had been convicted of certain crimes of violence and thereafter knowingly, unlawfully and feloniously received a firearm, to wit, a .32 calibre Colt automatic pistol which had been shipped and transported in interstate commerce.

The defendant contends that the demurrer should be sustained on two grounds: first, that the statute here involved, the Federal Firearms Act, 15 U.S.C.A. § 901 et seq., is unconstitutional in that it violates the second amendment to the Constitution; and, second, that the pistol involved is not a firearm within the definition of the statute.

On November 15, 1938, this defendant was indicted in the District Court for the District of New Jersey for a violation of the Federal Firearms Act. The defendant filed a petition requesting the suppression of certain evidence and the return of the seized pistol which is here involved, contending that the seizure was in violation of the fourth and fifth amendments to the Constitution and that the Federal Firearms Act is unconstitutional. In disposing of the petition in a well-reasoned opinion, Judge Forman ruled that the Federal Firearms Act did not violate the second amendment to the Constitution and denied the prayer of the petition. United States v. Tot, D.C., 28 F.Supp. 900. Thereafter, the United States obtained an indictment superseding the indictment which was before Judge Forman. This superseding indictment is the one here under consideration. Under these circumstances, I shall not consider the constitutional question, but shall follow the ruling by Judge Forman wherein he held the Act to be constitutional. See Brusselback v. Cago Corp., D.C., 24 F. Supp. 524; American Scantic Line, Inc. v. United States, D.C., 27 F.Supp. 271.

The Act, 15 U.S.C.A. § 901(3), provides that "The term 'Firearm' means any weapon, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosive and a firearm muffler or firearm silencer, or any part or parts of such weapon."

The defendant contends that the firearm defined by the Act is a weapon and a muffler or any part or parts of that combination; that the word "and" is used in a conjunctive sense and not in a disjunctive sense; and that the weapon here involved is of a type which is not a firearm within the definition above quoted.

At the argument, the defendant attempted to show that there has never been a silencer or muffler made which will fit a pistol of the type here involved and counsel for both sides agreed to this fact. The basis of this agreement was alleged in defendant's brief to be the statement made in a letter addressed to counsel for the defendant from the Colt's Patent Fire Arms Manufacturing Company that " * * * to the best of our knowledge and belief there never has been a muffler or silencer made to fit one of our 32/c Automatic Pistols."

The indictment, however, charges that the defendant received a "firearm" in violation of the Federal Firearms Act. While the question of whether or not the particular weapon named therein is a firearm may ultimately be a question of law, in the first instance it is a question of fact which cannot be raised by demurrer. It is obvious that this Court cannot take judicial knowledge of the technical opera-

tion of firearms which permits some of them to be equipped with silencers or mufflers and prevents others from being so equipped.

■ The defendant does not contend that the indictment fails to allege sufficient facts to constitute a crime under the provisions of the Federal Firearms Act and it is clear that the indictment does charge such a crime. The defendant does, however, attempt to attack the indictment by the addition of a fact which is not alleged. Such a demurrer, commonly called a "speaking" demurrer, is improper and must be overruled.

Now, it is ordered that the demurrer to the indictment be and it is hereby overruled.