UNITED STATES v. EMPIRE HAT & CAP
MFG. CO. et al.

No. 9263.

District Court, E. D. Pennsylvania.

Sept. 12, 1942.

Edward A. Kallick, Asst. U. S. Atty. and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., F. Gwyn Harper, Jr., Sp. Asst. to the Atty. Gen., for plaintiff.

R. Sturgis Ingersoll, of Philadelphia, Pa., for defendant Star Hat & Cap Co., Inc., and others.

Walter Biddle Saul, of Philadelphia, Pa., for appellant Ribbon Narrow Fabric Co.

M. Herbert Syme, of Philadelphia, Pa., for United Hatters, Cap and Millinery Workers, International Union et al.

Jerome L. Greene, of New York City, for defendant Bernard Greenberg & Co.

Peter P. Zion, of Philadelphia, Pa., for defendant Samuel Goldstein and another.

Charles A. Wolfe, of Philadelphia, Pa., for defendant Hyman Rabushka and another.

Sidney L. Krauss, of Philadelphia, Pa., for defendant Soboroff-Rosenwald Co. and others.

GANEY, District Judge.

This is an indictment against five corporations, five labor unions, and thirty-seven individuals, charging them with a combination and conspiracy in violation of Section 1 of the Act of Congress of July 2, 1890, entitled "An Act to protect trade and commerce against unlawful restraints and monopolies." 26 Stat. 209, 15 U.S.C.A. § 1 et seq., as amended by the Act of Congress of August 17, 1937, c. 690, 50 Stat. 693. The pertinent portions of the Act are: "§ 1. Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal * * *"; section 8: "The word 'person', or 'persons',

wherever used in this Act [sections 1–7 and 15 of this title] shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country." To this indictment, eleven separate demurrers and motions to quash were filed and in a number thereof, requests for bills of particulars. While there is this large number of demurrers and motions to quash as well as bills of particulars most of them to a large extent treat of the same questions and while they will be treated separately, all of them will be disposed of in this opinion in order that a great deal of repetition might be avoided.

■ Before making disposition of the various objections raised, certain fundamentals with respect to demurrers to criminal indictments will be adverted to, one of which is that in the consideration of demurrers to indictments, all of the facts they plead are admitted to be true. United States v. Cook, 17 Wall. 168, 178, 21 L.Ed. 538; United States v. Van Auken, 96 U.S. 366, 24 L.Ed. 852; Knoell v. United States, 3 Cir., 239 F. 16. Further, nothing but that averred in the four corners of the indictment will be considered, that is no new facts or evidence will be admitted which would be in the nature of a "speaking" demurrer, United States v. Tot, D.C., 36 F.Supp. 273; and finally, the strict technicality and rigor of the old common law rules are presently superseded by liberality in the construction of indictments in order that specific justice may not be defeated by subservience to technicalities. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Jelke v. United States, 7 Cir., 255 F. 264.

Taking up the demurrer and motions to quash filed by United Hatters, Cap and Millinery Workers International Union, Local No. 2 of the United Hatters, Cap and Millinery Workers International Union; Local No. 5 of the United Hatters, Cap and Millinery Workers International Union; Local No. 6 of the United Hatters, Cap and Millinery Workers International Union; Local No. 17 of the United Hatters, Cap and Millinery Workers International Union, and Samuel Deckler, Harry Fromkin, Samuel Hershkowitz, Simon Leno, Jacob Roberts and Samuel Winn, the first objection raised is that the indictment is uncertain, vague and indefinite and does not set out with particularity any offenses known to the law.

■ An indictment is sufficiently definite and certain if it fairly apprises the accused of the crime charged, in order to give him a fair opportunity to prepare his defense and after judgment to plead a conviction or acquittal in bar to a second prosecution for the same offense. Hagner v. United States, supra; Wong-Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545. The offense of conspiracy to restrain and monopolize interstate commerce in violation of the Sherman Act is sufficiently described in the indictment as it is not necessary to set out in detail the evidence of the conspiracy or to describe it with the particularity required in stating a substantive offense. Mercer v. United States, 3 Cir., 61 F.2d 97. This for the reason that the present case has really gone beyond the requirements set out in the case above, since it charges the defendants with having all knowingly engaged within the jurisdiction of this court in a wrongful and unlawful combination and conspiracy to fix prices of army field hats sold and shipped in interstate commerce; that the defendants agreed among themselves to allocate the entire quantity of two million hats among defendant manufacturers, and certain other manufacturers not named in the indictment, in such a way that each manufacturer would bid upon a limited and arbitrary number of such hats and would fix arbitrary and uncompetitive prices which the said manufacturers should bid in response to a request for informal bids. In the effectuation of this combination and conspiracy there is set forth in the indictment the fact of a meeting at which certain of the defendants were present and at which certain allocations were agreed upon and the price per hat fixed. There can be no question here that the commodities, to wit; army caps were to be shipped in interstate commerce and a combination and conspiracy to fix prices and restrict competition in commodities shipped in interstate commerce are illegal under Section 1 of the Act. Standard Oil Company v. United States, 283 U.S. 163, 51 S.Ct. 421, 75 L.Ed. 926; Swift & Co. v. United States, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518. Further there can be no question but that an agreement to fix prices is illegal under the Sherman Act since price fixing agreements by their very nature affect prices and the proof of an agreement, without anything

more, is proof of an illegal combination under the Sherman Act. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129.

 The next objection raised is that the alleged conspiracy to fix prices of army field hats by the submission of "informal bids" as set forth in Paragraphs 15, 16, 17, 18 and 19 inclusive, were not really bids in the legal sense of the word, but constituted requests for information which might result in contracts in the future and were designed to assist the government in its desire to insure speed of delivery, proper quality and fairness of prices. This objection is joined in by Premium Cap Co., Hyman Rabushka, Samuel Rabushka; Empire Cap Mfg. Co., D. J. Wasserstrom, David Fleider; Rite Style-Model Cap Co., Samuel Goldstein, Max Sandler; L. Lewis & Son, Irving L. Lewis and Henry J. Kurtz; Ribbon Narrow Fabric Co., Inc., Max Radus, William Davis; Bressler Hat & Cap Co., Jacob Bressler; Star Hat & Cap Co., Inc., Charles Schneider, Hyman Schneider, William Schneider; Diamond Cap Co., Louis Goldberg, Harry Faerman, Morris Zipper; Morose Cap Co., Philip Morose; Union Cap Co.; Bernard Greenberg & Co.; Bernard Greenberg; Bell Cap Co., Robert Klein, Samuel Bell, Morris Goldberg and Abraham Herskowitz. It seems to me in the construction of the term informal bids as used in the indictment it has reference to bids in the sense of offers, looking forward to acceptance and resultant contracts, which would of course be binding on both parties. The argument that these informal bids were not offers because the government was not obligated to enter into contracts is meaningless since any offeree is never obligated to accept an offer, and accordingly this is the only view the court can take for the purpose of construing the indictment on demurrer and motion to quash. The meaning attempted to be imputed to the term by the petitioners is one which the court could not adopt as a matter of law,—that the bids were merely to assist the government to assure speed of delivery, etc.—because it would be reading extraneous matter into the indictment and although it might be raised at the time of the trial by proper proof, at this stage of the proceeding it is something that cannot be taken advantage of by demurrer. United States v. Werner, D. C., 247 F. 708.

In United States v. Krumm, D.C. 269 F. 848, a case decided in this circuit it was held that in the construction of an indictment on demurrer no consideration could be given to definition of terms included in the demurrer. I am convinced that the argument raised by all of the petitioners is one of fact which must be resolved at the time of the trial.

 The next objection is raised by the unions and the union agents and is that the defendants are not charged with having committed any act, constituting a violation of the law, since it is not averred that the acts set forth in the indictment were done by persons authorized to act on behalf of the union or that the acts were ratified by the union. This objection can be disposed of by making resort to Paragraph 12 of the indictment which is as follows: "Allegations in this indictment that a defendant union did any act means that its duly authorized officers, agents, employees or associates, authorized, ordered or performed such act". The union and union agents raised the additional objection that the indictment failed to disclose where the alleged agreement to allocate the two million army field hats was made, persons who made them, who were present at the making thereof, by what manner and means they instigated the agreement, the method used to hinder the performance of contracts, etc., as being an additional ground for vagueness and uncertainty. However, it is not required that an indictment charge each individual defendant by name with his detailed part in the conspiracy nor that it set up the particular part he played, the details of the agreement, the time of the same, nor the degree or extent of his participation. In United States v. Heating, Piping & Air-Conditioning Contractors Ass'n, D.C., 33 F.Supp. 978, the court says on page 982 thereof "It cannot be contended that in a case of this character, it is necessary that each individual defendant be charged specifically with the part he takes, either in the combination or in the means for achieving its ends." Accordingly, it is deemed sufficient, since the government avers that the defendants engaged in a wrongful and unlawful combination to fix prices of army field hats; sold and shipped them in interstate commerce; that the defendants agreed to allocate the quantity of two million hats for which the government requested bids, among defendant manufacturer and other manufacturers in limited and arbitrary quantities; that arbitrary and noncompetitive prices were fixed, without any further detail. United

States v. Patterson, D. C., 201 F. 697. Accordingly, the averments in the indictment are sufficient to make the allegations of indefiniteness, uncertainty and vagueness without warrant.

 The next objection is made by Irving L. Lewis and Henry J. Kurtz, and is that the indictment is duplicitous, on the ground that it alleges both a combination and conspiracy and a contract to obstruct interstate commerce, in one count. The test to be applied as to whether an indictment is duplicitous must be applied only to the result charged, and not to the averments of various methods of its attainment. United States v. B. Goedde & Co., D.C., 40 F.Supp. 523. The offense charged in the indictment is a combination and conspiracy in restraint of trade and the contract and agreement and other acts referred to in the indictment, are the steps taken or methods used in the attainment thereof.

 The next objection is made by Irving L. Lewis and Henry J. Kurtz, trading as L. Lewis & Son, and is to the effect that this court has no jurisdiction of the offense set forth in the indictment by reason of the fact that the place it is alleged to have been committed is not within the Eastern District of Pennsylvania. Paragraph 22 of the indictment sets forth three overt acts, two of which involve the acts of defendants within the district, and the other act alleged is the submission of bids by the defendants to the Philadelphia Quartermaster Depot, which is within the District. Whether these persons submitted bids in person, through agents, or by mail is immaterial, since the bids were submitted in this district. Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614. Further, it is a familiar principle of the law of conspiracy that conspirators may be indicted where any overt act in pursuance of the conspiracy was committed, and the place of the overt act may be the place of jurisdiction. Brown v. Elliott, 225 U.S. 392, 32 S.Ct. 812, 56 L.Ed. 1136; United States v. Trenton Potteries Co., 273 U.S. 392, 47 S.Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989.

 The next objection is that the indictment contains inflammatory matter intending to arouse the ire of the jury and accordingly is prejudicial to the rights of the defendants. This objection is also joined in by Soboroff-Rosenwald Co., Samuel Soboroff, Edward Rosenwald, Irving E. Soboroff; Ribbon Narrow Fabric Co., Inc., Max Radus, William Davis; Rite Style-Model Cap Co., Samuel Goldstein, Max Sandler; Empire Hat & Cap Manufacturing Co., D. J. Wasserstrom, David Fleider; Premium Cap Co., Hyman Rabushka, Samuel Rabushka; L. Lewis & Son, Irving L. Lewis, Henry J. Kurtz; Star Hat & Cap Co. Inc., Charles Schneider, Hyman Schneider, William Schneider; and Bernard Greenberg & Co., and Bernard Greenberg. A thorough reading of the indictment convinces me that the averments contained therein will in no wise prejudice the rights of the defendants, as I feel they are merely illustrative of the interstate phase of the case, the allegation that the hats are to be used by armed forces in the Southern States being inserted to show that the hats themselves will move in interstate commerce, and is requisite background material, for proof to come. In addition it does not seem to me that this objection is well founded because it takes no stretch of the imagination to know that army hats are used for armed forces and that the men in the army who will use them are scattered throughout the length and breath of the entire country. United States v. American Medical Ass'n, 72 App.D.C. 12, 110 F.2d 703.

 The Premium Hat Co., Hyman Rabushka, Samuel Rabushka; Empire Hat & Cap Mfg. Co., D. J. Wasserstrom, David Fleider; and Star Hat & Cap Co., Charles Schneider, Hyman Schneider and William Schneider, in their demurrer and motion to quash contend that since they were manufacturers located outside the State of New York, the allegation in paragraph 19 of the indictment indicates that they were not engaged in the conspiracy alleged. It is elemental that an indictment must be construed in its entirety, United States v. Patten, 226 U.S. 525, 33 S.Ct. 141, 57 L.Ed. 333, 44 L.R.A.,N.S., 325, and if paragraph 19 is read with the other averments in the indictment, and not taken out of the context thereof, it seems clear that the allegations regarding these defendants in paragraph 19 connect them with the common scheme to fix prices and allocate quantities to be bid for field hats described in paragraph 15 through 18, in which the New York conspirators were involved. It is not necessary that all of the conspirators either meet together or agree simultaneously. Interstate Circuit v. United States, 306 U.S. 208, 59 S.Ct. 467, 83 L.Ed. 610. It is not necessary that each member of a conspiracy know the exact part which every other par-

ticipant is playing; nor is it necessary in order to be bound by the acts of his associates that each member of a conspiracy shall know all the other participants therein; nor is it requisite that simultaneous action be had for those who come on later, and cooperate in the common effort to obtain the unlawful results, to become parties thereto and assume responsibility for all that has been done before. Lefco v. United States, 3 Cir., 74 F.2d 66.

Objection is made by the Empire Cap Mfg. Co., D. J. Wasserstrom and David Fleider that the bill indicted the Empire Hat & Cap Mfg. Co., whereas, in truth and in fact the real name of the defendant is Empire Cap Mfg. Co. and that the Grand Jury has failed to indict the manufacturer under its ' own corporate name. This contention cannot be raised by demurrer but may only be raised by plea in abatement. Filiatreau v. United States, 6 Cir., 14 F.2d 659. On a demurrer the facts stated in the indictment are admitted. In United States v. Fawcett, 3 Cir., 115 F.2d 764, 132 A.L.R. 404, the court held that a misnomer was a matter of form and could be properly amended, and accordingly, aside from being improperly raised under these pleadings, this circuit has permitted the amendment of names improperly pleaded in an indictment, and counsel for the government advises that such a petition is presently pending.

Accordingly, each and every demurrer and motion to quash filed by the several defendants in this case are denied.

### Motions for Bills of Particulars.

There have been filed seven motions for bills of particulars on behalf of virtually all of the defendants in the case, and all of them with the exception of that filed by the unions and union agents make request solely that the terms and conditions of the so-called informal bids be incorporated in a bill of particulars to be filed by the United States Attorney. Whether or not the government should be required to furnish the terms of the "informal bids" is a mere corollary of the contentions in the demurrers that the "informal bids" were not bids, but were mere information. The authorities are unanimous to the effect that the granting or refusing of a bill of particulars is within the sound discretion of the court, and unless there is an abuse of discretion, its action in refusing or allowing a bill of particulars will not be reviewed on appeal. Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799; Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606.

In discussing defendants' demurrers, it has already been shown that defendants are limited to matters appearing on the face of the indictment, and that the terms of documents not included in the indictment cannot be considered. It seems to avoid this dilemma defendants now attempt to incorporate the terms of the document as part of the indictment. However, even if the terms of the request for bids were set out in a bill of particulars, it would not incorporate them into the original indictment, so as to form a basis for demurrer. Dunlop v. United States, supra.

The motions with respect to having the terms of the Request for Bids set out in a bill of particulars was as indicated above included in all of the various motions made by the defendants, and that of the unions made the additional request that the terms of the bill of particulars be made a part of the bill of indictment. It is alleged in the indictment that the Requests were mailed to the manufacturer by the Philadelphia Quartermaster Depot and that each manufacturer submitted bids in response thereto (Paragraphs 13, 16, 19 and 22 of the indictment). They are therefore well aware of the terms of the Request for Bids, and it follows that the basic principle that defendants may not obtain matters already within their knowledge really disposes of these motions. Then, too, the courts do not require that the tenor of a document of this type be pleaded as in United States v. Grunberg, C.C., 131 F. 137, and in United States v. Winslow, D.C., 195 F. 578, 582, as the terms of the document will properly form a part of the government's proof at trial.

The greater part of the unions' motion, though seeking what it terms a bill of particulars, is an obvious attempt to force the government to reveal its evidence in advance of trial; it demands a copy of all writings, the substance of all conversations and oral statements, an exact description of all of the acts alleged to have been done, or agreed upon in the formation and course of the conspiracy, and these facts are to be accompanied by a statement of where, when, and how, each writing, conversation or act occurred, and by and for whom it was done. This part of the motion seeks

402

no clarification of the issues, no information concerning the nature or character of the cause of action, no attempt to elicit data relevant to allegations of ultimate facts, nothing but evidence, pure and simple, is demanded, and this the courts have never permitted to be done. United States v. Garsson, D. C., 291 F. 646; Sawyer v. United States, 8 Cir., 89 F.2d 139, 140, 141; Mulloney v. United States, 1 Cir., 79 F.2d 566; Rubio v. United States, 9 Cir., 22 F.2d 766, 767, wherein the court says: "To require the government to set forth every act tending to connect each of the parties charged with the conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case. Such is not the office or function of a bill of particulars". In Page Steel & Wire Co. v. Blair Engineering Co., 3 Cir., 22 F.2d 403, 406, 407, certiorari denied 276 U.S. 623, 48 S.Ct. 303, 72 L.Ed. 737, the Court of Appeals for this Circuit denied a request for bill of particulars, which among other things sought the names of persons and their connection with the agreement and the times when certain events took place, saying at page 407 of 22 F.2d: "In the absence of statute, a bill of particulars cannot be made to serve as interrogatories to elicit evidence or the names of plaintiff's witnesses".

Accordingly, all of the motions filed by the defendants requesting bills of particulars are denied and the government's motion to amend the indictment is allowed.