CAROTHERS v. UNITED STATES.

No. 11951.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1947.

Rehearing Denied July 10, 1947.

Walter F. Brown and H. Fletcher Brown, both of Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., and James K. Smith, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Defendant was charged in an indictment in twenty-six counts with violations of the

Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and Maximum Price Regulation No. 165. Each count charged in substance that he willfully sold a particular service at a particular lot at a named price and that this price was in excess of the ceiling. Plaintiff's evidence concluded, a verdict was instructed for defendant on Counts 4, 6, 10, 13, 14, 17, 18, 19 and 25, and the jury acquitted him on seven counts[1] and convicted him on ten.[2] Sentenced to pay fine of $250 on each count, he is here insisting, in a brief containing 131 pages and specifying 82 errors, that the judgment must be reversed because (1) no case was made out in law on any of the counts, and (b) if there was, reversible errors were committed in rulings on the introduction of evidence and in the submission of the case to the jury.

The United States, pointing out that defendant offered no evidence in rebuttal or explanation of that offered by the government, insists that the case as to each count is really a simple one of a clear cut violation of price ceilings established by undisputed evidence on a trial free from reversible error, and that the judgment must be affirmed.

A careful study of the record and of the applicable law in the light of these opposing claims convinces us that as is so often the case when extreme claims are afoot, the right and truth of the case lies somewhere between them. We are of the opinion, in short, that the trial was neither as errorful as appellant would have us believe, nor as errorless as appellee claims, and that while the judgment of conviction should be affirmed as to some of the counts, it must be reversed as to others.

Though defendant was convicted on ten counts, the offences charged in them fall naturally into two groups of five each which may be described as "Park and Lock" counts[3] and "Attendant Type" counts,[4] and such differences as there are between the two groups are differences in their facts and not in the applicable principles of law. Because this is so, though appellant's points are many and his arguments extended, we may hope to dispose of them in an opinion which, summarizing his points of attack, will briefly state our conclusions as to them, and as briefly our reasons for so concluding.

A major general attack on the conviction as a whole is that arising out of the fact established by the evidence that defendant was not, as charged in the indictment doing business as All Right Auto Park but was merely a member of a limited partnership under Article 6112, Revised Civil Statutes of Texas, providing that general partners only shall be authorized to transact business and sign for the partnership, and to bind the same. It takes three forms: (1) a claim that proof of his limited connection with the business constitutes a fatal variance since the indictment charges that he was doing business as All Right Auto Park and as such made the sale; (2) an attack on the sufficiency of the evidence to make out a case of criminal responsibility against him, a special partner, for the acts of the employees of the partnership; and (3) an attack on the failure of the judge to give the limited partnership statute in charge.

■■ We are convinced that there is no substance in these points. It is true that the indictment was not technically correct in charging that the defendant was doing business as All Right Auto Park and that it would have been better pleading to charge that he and others, constituting a limited partnership, were doing business. It is equally true, though, that however this technical variance might in times past have operated to prevent the common sense disposition of an appeal in a criminal case, such considerations have no weight today, for both by statute and by decision it is settled in federal jurisprudence that a variance to constitute reversible error must be material and prejudicial.[5]

■ The second point, that proof of this

---

[1] Counts 1, 2, 3, 7, 8, 9, and 12.

[2] Counts 5, 11, 15, 16, 20, 21, 22, 23, 24, and 26.

[3] Of these counts, the fifth dealt with a parking lot at 1101 Fannin, the 11th, 15th, 16th, and 20th with the lot at 805 San Jacinto.

[4] Counts 21, 22, and 23 have to do with a lot at 1108 Rusk; Count 24 with one at 1009 Texas; and count 26 with one at 819 Fannin.

[5] 18 U.S.C.A. § 556, R.S. § 1025; Hagner v. United States, 285 U.S. 427, 52 S. Ct. 417, 76 L.Ed. 861; United States v.

fact prevents conviction, is no better taken. Defendant was entitled to such benefit as he could get from the fact that he was not the sole owner of the business but a member of a limited partnership. This fact was before the jury to be considered by it in connection with all the other evidence including that of Morris and Lary as to conversations they had had with defendant about the charges. It was for the jury to give such weight to the fact of his being a limited partner and the circumstances as to when this limited partnership was entered into as they thought it deserved, and defendant having offered no testimony to rebut the inference of positive direction and control by him which the evidence raised is in a poor position to attack the verdict as contrary to the facts.

■ Of the third point, it is sufficient to say that the special charge defendant requested was not correct because it stated the purport of the statute only in part, and failed to state it fully and correctly as, if a charge of any kind on the subject was proper, it ought to have done.

Against the conviction on the Park and Lock counts, appellant levels many attacks. The most fundamental are (1) that the order of DeWitt C. Dunn, purporting to establish maximum prices as to them was not properly proved up so as to be admitted in evidence; and (2) that if it was proved up, it was without validity or effect for the reasons, (a) that M.P.R. 165, under which it purported to be made, expressly excepts parking lot services, (b) that it does not authorize any one to fix charges as Mr. Dunn did, and (c) certainly not Mr. Dunn, as acting director.

■■ We cannot agree. An examination of the Federal Register makes it clear not only that the services rendered in this case were covered by the regulation, but that the statute does not, as claimed by appellant, limit price determinations to regulations of general applicability. On the contrary, we think it may not be doubted that they expressly authorize and provide for determinations of the kind made here.

■ As to the authority of Mr. Dunn, as director, to make them, the record in this case establishes that defendant dealt with him in respect of the proposed prices in the manner required by the regulation; that the effect of his order was to establish many of the prices which the defendant had himself proposed, and that as to those instances in which the defendant's prices were disapproved and revised prices were fixed, defendant did not prosecute an appeal from the order and at least for a time complied with them.

■ As the matter then stood on the trial, it is too clear we think, for argument, that the order of Mr. Dunn fixed the maximum prices which could be charged on the Park and Lock lots, and the district judge, in submitting these counts to the jury, was correct in accepting these prices as maxima. This being so, and there being no real dispute that the prices charged in the indictment were in excess of the prices so fixed, there was no error in charging the jury that the prices named in the Park and Lock counts were in excess of the maximum and that it was for them to determine whether these prices were in fact charged and whether the defendant was a willful party to their charging.

■ For the same reason that the Dunn order in law fixed the prices to be charged, it was not error for the indictment to fail to charge that the prices at which the service was sold must be in excess of the prices fixed in that order, nor was there a variance between indictment and proof. The offense charged was selling services at above ceiling prices. The prices when fixed by the order became in law the maximum prices, and it was not necessary to charge how they became fixed.

■ Neither is there any merit in the claims that no service was rendered in connection with the Park and Lock counts; that there was a mere renting of parking space in which the owners parked their own cars. We think that it is unreasonable on its face to say that a parking set up, such as that the evidence established, with a lot set off with

---

Fawcett, 3 Cir., 115 F.2d 764, 132 A.L.R. 404; 28 U.S.C.A. § 391; Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed.

1314. Cf. Whitehead v. United States, 5 Cir., 245 F. 385.

722

spaces for individual parking, an office on it, a person to take deposits and make refunds, is not the furnishing of service. Besides the matter has been definitely determined against appellant in two decisions, Bowles v. Carothers, 5 Cir., 152 F.2d 603, and Carothers v. Bowles, Em.App., 148 F.2d 554.

On the attendant type counts, the general attack is made that the evidence was insufficient to show what the maximum price was as to them, that the maximum price as to these counts was the maximum charged for the same service in 1942, and the evidence was insufficient to show what that was. This point is without merit for while the evidence was certainly not conclusive as to what the March, 1942, price was, it was sufficient to take the counts to the jury.

Another general attack on all the attendant type counts and on Count 20 of the Park and Lock counts is: that no case for a jury verdict was made on them; that the offense charged in these counts was violating the maximum rate fixed for all day parking; that the proof showed that all day parking had been discontinued and was not being offered at these lots, and the employees were not authorized to sell parking in excess of three hours.

It is quite clear that the evidence showed no such thing. It showed, on the contrary, that the method employed, in order to increase the parking charge, of calling all moneys collected in excess of the charge for the fixed period not charges for parking but damages for overparking, was a mere subterfuge of the management. It was a device by which the partnership, conducting all day parking on the lot, could charge each individual for parking in excess of three hours a price greatly in excess of what had theretofore been charged. Proof of such a scheme was a defense neither in law nor in fact. We are quite clear that as to all the counts, the indictment sufficiently charged an offense, and as to all of them but Count 20, as to which a verdict should have been instructed, a case was sufficiently made out to take them to the jury.

It remains only to inquire whether, as to the other nine counts, errors were committed which require a reversal for retrial. A careful examination of the errors of this kind assigned leaves us in no doubt that not one of those to the admission of evidence is well taken, and that none assigned to errors in the giving and refusing of charges except one presents reversible error. This one, which is fatal to the conviction on the attendant type counts, arises out of the assumption by the court that the maximum ceiling price on these counts was established as matter of law at a price less than the price the defendant is charged with receiving. This assumption led the court into the error of submitting to the jury only whether defendant had sold the service dealt with in these counts at the price charged in the indictment instead of submitting for the jury's determination, first, what was the maximum price, and then whether that price had been exceeded. This assumption, that the price had been established as matter of law at less than the price the indictment charged defendant with receiving, put the judge in the position of deciding a fact issue material to defendant's conviction, instead of submitting it to the jury for its determination, and thus deprived the defendant of his constitutional right of trial by jury. In a carefully worded exception to the court's charge, the defendant pointed this error out.

This being a criminal case, if, as the United States claims, the evidence had clearly and beyond question established what the maximum price was, this would not render the error harmless, for in such a case the court may not direct a verdict as to any fact. In addition, the evidence as to the March, 1942, maximum price was quite meager and unsatisfactory. As to the Park and Lock counts, the charge was not erroneous, because as to these counts the defendant's schedules and the administrator's order on them had fixed as matter of law the selling price, above which defendant could not go, and the only question of fact as to these counts was whether the price at which the service was sold was in excess of the price as fixed.

As to Count 20, the Park and Lock count relating to Morris, the undisputed evidence showed that no service was sold to Morris in excess of the ceiling price fixed Before the time came when a price in excess of that fixed for three hours was exacted of

him, the defendant had in conversation with Morris agreed that he would not be so charged, and no sale of service at the excess price was therefore made to Morris.

No reversible error appearing as to Counts 5, 11, 15, and 16, Park and Lock counts, the judgment is affirmed as to them. For the error in the charge as to Counts 21, 22, 23, 24, and 26, Attendant Type counts, the judgment as to these counts is reversed, and the cause remanded for trial anew. For the want of evidence to establish the commission of the offense charged in Count 20, the judgment on this count is reversed with directions to dismiss it.

Affirmed in part and reversed in part.