## UNITED STATES v. DENNY.
### No. 9419.

Circuit Court of Appeals, Seventh Circuit.

Dec. 30, 1947.

Writ of Certiorari Denied March 8, 1948.

See 68 S.Ct. 662.

MINTON, Circuit Judge, dissenting.

———◇———

James J. Clark, of Hammond, Ind., for appellant.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., of South Bend, Ind., T. Vincent Quinn, Asst. Atty. Gen., and Robert S. Erdahl, Atty., Department of Justice, of Washington, D. C., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The indictment in this case contained three counts. Nothing need be said of the third count since defendant was not mentioned therein. The first count charged defendant and five others with conspiring to transport in interstate commerce meat and butter, knowing the same had theretofore been stolen. Defendant was found not guilty on this count. The second count, based on 18 U.S.C.A. § 415, involved the same parties, except that the name of

Gordon Keith Denny appeared therein as Gordon Keith Kenny. It charged that the persons named therein caused meat and butter of the value of $10,000 to be transported from Chicago, Illinois, to Hammond, Indiana, knowing the said merchandise had theretofore been stolen. On this count the jury returned a verdict of guilty, judgment was rendered thereon and from that judgment defendant has appealed.

The error assigned is that the trial court permitted the district attorney to change the name in the second count of the indictment from "Gordon Keith Kenny" to "Gordon Keith Denny."

The record discloses that after the return of the indictment and before arraignment defendant moved for dismissal and abatement of this count on the ground that his true name was Gordon Keith Denny and not Gordon Keith Kenny. The government thereupon filed its verified petition, praying that it be permitted to amend this count of the indictment. In the petition it was alleged "that the Gordon Keith Kenny referred to in the second count of the indictment herein actually bears the name of Gordon Keith Denny and that the reference to the person the Grand Jury indicted as Gordon Keith Kenny was a stenographic mistake, the stenographer who was drawing the indictment inadvertently striking the letter 'K' instead of the letter 'D', and that the person the Grand Jury was indicting for the offense set forth in the second count of the indictment is one and the same person as the Gordon Keith Denny referred to in Count I of the said indictment."

The court overruled defendant's motion in abatement and granted leave to amend. The count was thereupon amended by striking therefrom the name "Gordon Keith Kenny" and inserting in its place the name "Gordon Keith Denny." Challenging the amended indictment, defendant moved to dismiss on the ground that the indictment could not be amended. This motion the court overruled.

On this appeal the ground taken by defendant is that after an indictment has been returned by a grand jury and filed with the court, no change can be made in the body of the indictment.

It is unquestionably true that the common law long ago recognized that the body of an indictment could not be amended. The reasoning behind this rule, as stated by the court in the case of United States v. Fawcett, 3 Cir., 115 F.2d 764, 766, 132 A.L.R. 404, was "that the finding of a grand jury was upon oath and, depending upon this fact amongst others for its validity, could not be amended by the court or the presiding officer in any manner of substance without the concurrence of the grand jury which presented it." And it has been held that whenever an indictment requires amendment of substance, it must be sent back for that purpose to the grand jury. Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849.

The district attorney concedes this rule. He asserts, however, that a mere misnomer by an initial letter of the last name of the accused in the indictment is not a matter of substance within the condemnation of Ex Parte Bain, supra. The question is, therefore, whether an indictment can be amended in the situation here disclosed.

An indictment is a written accusation or charge of crime in which the party accused should be fully apprised of the nature of the offense charged in order that he may come into court prepared for his defense. True, it is difficult to express in exact language, applicable to every case, what constitutes the substance of an indictment and what is formal, but all courts concede that the body of the indictment must set forth all the ingredients of the offense. This is the substance of the charge, or as is said in 27 Am.Jur. p. 677, "the statement of every fact which must be proved to make the act complained of a crime is matter of substance, and * * * all else * * * is formal."

Many jurisdictions have adopted statutes providing that no indictment shall be abated for any misnomer of the accused, and that the court may, in case of misnomer appearing before or in the course of a trial, cause the indictment to be amended according to the fact. Under these statutes the

courts have held that where no change of identity is involved, the defect is one of form. 7 A.L.R. 1520 and 68 A.L.R. 929.

In line with the progressive thought enunciated by these statutes and for the purpose of eliminating the effect of formal defects which in no wise prejudice a defendant or affect his substantial rights, on the theory that in the development of the administration of justice narrow technical formalism should be eliminated to the end that substantial justice be attained, Congress provided that "No indictment found and presented by a grand jury * * * shall be deemed insufficient, * * * by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." 18 U.S.C.A. § 556. Congress also provided that "On the hearing of any appeal, * * * in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." 28 U.S.C.A. § 391.

The test as to whether a defendant is prejudiced by an amendment to an indictment has been said to be whether a defense under an indictment as it originally stood would be equally available after the amendment is made, and whether any evidence the defendant might have would be equally applicable to the indictment in the one form as in the other. United States v. Fawcett, 3 Cir., supra, 115 F.2d at page 767.

In this case the identity of the accused is not questioned. It is not claimed that any harm was done defendant by the amendment or that he was unaware of the crime with which he was charged, and enough appears in this record to protect him against another prosecution for the same offense. The amendment simply corrected a typographical error by the stenographer who had typed the indictment. The amendment did not change the nature of the crime charged, or charge a different offense from that found by the grand jury, so as to come within the principle of Ex parte Bain, supra, which decision condemns the alteration of an indictment so as to charge a different offense from that found by the grand jury; the amendment had nothing to do with the question of his guilt or with the evidence which should be sufficient to warrant conviction, nor did it in any manner prejudice his substantial rights. We conclude that the amendment was only one of form, and that it was properly allowed. Cf. Capriola v. United States, 7 Cir., 61 F.2d 5; United States v. Fawcett, supra; United States v. Angelo, 3 Cir., 153 F.2d 247; Carothers v. United States, 5 Cir., 161 F.2d 718; and United States v. Empire Hat & Cap Mfg. Co., D.C., 47 F.Supp. 395.

In reaching this conclusion we have not overlooked defendant's argument in which it is claimed that rule 7(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following § 687, which provides that the court on motion of the defendant may strike surplusage from the indictment, prohibited the amendment allowed in our case. With this argument we cannot agree. While this rule introduced a means of protecting a defendant against immaterial or irrelevant allegations in an indictment which might be prejudicial, it did not repeal the existing law.

Defendant also makes the point that the first count of the indictment drawn under the general conspiracy statute, 18 U.S.C.A. § 88, required proof of an agreement to transport in interstate commerce stolen goods and of knowledge that the goods were stolen, and argues that the verdict is inconsistent because in rendering the verdict of not guilty on this count, the jury must have found that the evidence was not sufficient to prove that defendant knew that the merchandise had been stolen.

We cannot accede to this contention. The jury may have reached the conclusion that defendant did not conspire with the other defendants, but that he did cause the goods to be transported in interstate commerce, knowing that the goods had been stolen. But be that as it may, consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161.

The judgment of the District Court is affirmed.

**LINDLEY, District Judge (concurring).**

Of course the statutory provision that no indictment shall be deemed insufficient by reason of any defect in matter of form only, which shall not tend to the prejudice of the defendant, 18 U.S.C.A. § 556, grants power to the court to ignore only formal imperfections. To extend its intent further would violate the constitutional mandate of the Fifth Amendment that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentation or indictment of a Grand Jury." The act of Congress providing that "on the hearing of any appeal * * * the court shall give judgment * * * without regard to technical errors * * which do not affect the substantial rights of the parties," 28 U.S.C.A. § 391, must likewise be interpreted to authorize the court to ignore only formal or technical defects, for to extend it to include the further power to permit amendment of an indictment in any matter of substance would offend against the same constitutional provision. It follows necessarily, then, that the amendment, if proper, must have been purely formal in character; otherwise defendant's constitutional rights have not been preserved.

Here one count correctly named defendant as Denny, the other as Kenny. He was arrested under the name included in Count I, Denny, and then moved in abatement of Count II, on the ground that his true name was Gordon Keith Denny and not Gordon Keith Kenny. The Government, by verified pleading agreed with defendant's statement of fact, saying that he was correctly named in Count I and that in Count II an error arose from a typist's inadvertantly striking K instead of D on her typewriter. This error the court permitted to be corrected. This seems to me, in view of the fact that defendant was correctly named in the first count and arrested under that name, as Judge Kerner has announced, a purely formal correction, which prejudiced defendant in not the slightest degree. It

effectuated nothing more than does the historic rule abiding in cases of idem sonans.

I agree that the judgment should be affirmed.

**MINTON, Circuit Judge, (dissenting).**

This case is a splendid example of the old adage that hard cases make bad law. From the record, it would appear that this defendant was guilty. His substantial rights have not been violated, but substantial violence is done to a proposition of law that to me seems important as long as our Constitution provides that one can be charged with an infamous crime only by indictment. An indictment is the product under oath of a grand jury. Only a grand jury can return an indictment. From Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed 849, until the promulgation of the Federal Rules of Criminal Procedure,[1] it had been the law that an indictment could not be amended in the body thereof for any reason. To do so was to make the indictment something other than the work of the grand jury. When the Federal Rules of Criminal Procedure were adopted, the Supreme Court provided in Rule 7(d) that surplusage in an indictment might be stricken out, *but only on the motion of the defendant,* thereby putting him in the position of waiving the constitutional provision that he could be charged only by the indictment of a grand jury or that he had by getting the court to strike surplusage from the indictment on his motion, estopped himself from raising the question that the indictment had been amended.

Until this rule became effective, Ex parte Bain had forbidden the amendment of an indictment in the body thereof for any reason, without resubmission to the grand jury. In that case, it was surplusage that was attempted to be stricken from the indictment.

As I understand the majority opinion, it holds that an amendment in the body of the indictment may be made as to formal matters, and that the charging of the defendant in the indictment in question by the name "Kenny" when his name was "Denny"

[1] 18 U.S.C.A. following section 687.

is a mere formal matter; it was only a typographical error—a mere striking of the wrong key on the typewriter. This simple explanation as to how the mistake occurred does not, it seems to me, make the matter formal. The indictment gave the defendant a name that was not his. A defendant's name is not a mere formal matter. It is one of the facts the Government has to prove, that is, that the name of the prisoner at the bar is the name of the defendant charged in the indictment.

The majority opinion states that that is not formal which the Government must prove. It seems plain to me that the defendant's name is not a matter of form. Even if the error as to the defendant's name were a matter of form occurring in the body of the indictment, still under the authority of Ex parte Bain, such error could not be corrected by amendment. The only modification of Ex parte Bain is Rule 7(d) which, as I have said, provides that surplusage may be stricken on the motion of the defendant.

The amendment in the instant case did not involve surplusage and was not made on the motion of the defendant. Indeed, the defendant at the earliest stage of this case and at all appropriate times thereafter challenged the indictment, afforded the Government the facts, and pointed the way to correction of the error by resubmission to the grand jury. But the Government chose another course, that of amendment, which seems to me condemned by Ex parte Bain.

The action of State courts and legislatures in providing for the amendment of indictments is of no concern to us. The Congress has attempted to legislate as to the manner in which technical errors that do not effect the substantial rights of the defendant may be treated on appeal. 18 U.S.C.A. § 556. I admit that the substantial rights of the defendant were not shown to have been violated, but I deny that the amendment of an indictment in the body thereof is technical. Such action by the court is so lethal that it destroys the indictment as a basis for the court's further procedure. In other words, the Supreme Court has ruled (Ex parte Bain) that such

amendment destroys the court's jurisdiction. Surely, there is nothing technical about that. Jurisdiction is as fundamental in jurisprudence as anything can be.

I agree that Rule 7(d) of the Federal Rules of Criminal Procedure does not repeal existing law. I do think that it modifies existing law by permitting amendment as to surplusage, and that only if the defendant assumes the onus of such action.

In my opinion, by amending this indictment in the body thereof, especially in such a material matter as the defendant's name, the Government vitiated the indictment and destroyed the court's jurisdiction. The only course open to the Government after this indictment had been returned with the error therein was to resubmit the case to the grand jury. Otherwise, it is not the indictment of the grand jury. It is the indictment of the court and the district attorney. If the court and the district attorney may amend indictments in such vital matters as to change completely the defendant's name, what amendments may they not make? Where would we draw the line? In Rule 7(d) the Supreme Court drew it at the only place it could be drawn, and that was as the amendment pertained to formal, technical matter, and where the onus of the violation of the constitutional procedure could be placed upon the defendant.

The majority opinion relies upon United States v. Fawcett et al., 3 Cir., 115 F.2d 764, 766. In that case the court did amend the indictment by adding "otherwise known as Leo Wilson" to the name of the defendant, Harry Nelson. In this doubtful case, at least the defendant was charged, before and after amendment, by his own name of Harry Nelson. I take it that it would have been sufficient if the Government proved that he was Harry Nelson. Furthermore, in that case, the objection was not presented at the earliest possible time, as it was in the instant case. An opportunity to resubmit the case to the grand jury was not afforded the Government in the Fawcett case. That case was based largely upon the proposition that: "* * * the defendant raised no objection to the addition 'otherwise known as Leo Wilson' at

the time the government requested the change of the name in the indictment; no objection was made by the defendant to the change at the time of the entry of his plea of not guilty, and in fact throughout the whole case no objection was raised by the defendant to this addition, nor was any question ever raised as to the identity of the defendant. The question was only raised and for the first time at the close of all the evidence by a motion in arrest of judgment." United States v. Fawcett et al., supra, 115 F.2d at pages 766, 767.

In that case the court said that the objection came too late, and it further held that the matter added was merely formal. Neither reason is present in the instant case. Here the defendant did just what the court in the Fawcett case said should have been done, and did it when it should have been done. Furthermore, the defendant here never was charged by his own name, except by amendment.

I would reverse the judgment for this reason only.