**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff/ Appellant**

**v.**

**CECIL SMITH, Defendant/Appellee**

Criminal No. 80/19

District Court of the Virgin Islands

Div. of St. Croix

August 28, 1980

BROOKE BONNER-ANDERSON, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for plaintiff*

G. LUZ A. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge By Special Assignment*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This matter comes before this Court on the Government's appeal from the final Order of Dismissal entered by the Territorial Court on January 4, 1980.

An information purporting to charge the defendant Cecil Smith with Assault in the Third Degree (14 V.I.C. § 297(2)) was filed in the Territorial Court by the Attorney General on May 25, 1979. The information contains the usual caption, to wit: "Government of the Virgin Islands, Plaintiff vs. Cecil Smith, Defendant", but fails to name the defendant in its body, either by name or by use of the designation "defendant."[1] After his arrest, defendant retained, or had assigned on his behalf, counsel who moved for dismissal of the information solely because defendant had not been accorded a speedy trial. This motion was denied. Pursuant to a demand for trial by a jury, timely made, a jury was selected on December 14, 1979, and trial commenced on December 18, 1979. Midway through the presentation of the Government's case in chief, the Court called the

---

[1] The body of the information reads as follows:

On or about the 20th day of March, 1979, in the Virgin Islands of the United States, Judicial Division of St. Croix, in the vicinity of the Headstart Center, Ralph De Chabert Project, Christiansted, St. Croix, assault another with a deadly weapon, a revolver in violation of 14 V.I.C. § 297(2).

apparently defective information to the attention of counsel, and upon motion of defendant, through counsel, dismissed the same. The Government appeals.

Because the Government's position is without merit, the order of dismissal entered by the trial court will be affirmed.

■■ The name of the defendant must be alleged in the charging part of the information and the omission of his name therefrom is a fatal and incurable defect. 2 Wharton's Criminal Procedure § 278; 41 Am.Jur.2d, Indictments and Informations § 128; 2 Crim. Proc. Under the Fed. Rules Section 12: 37. This is a critical requirement because there must be some pleading charging the particular defendant with a particular offense. The New York Court of Appeals, we think, correctly stated the rule in People v. Hamm, 172 N.E.2d 275, 278 (1961) wherein Judge Froessel, speaking for the Court, said:

> . . . there must at the very least be some pleading *charging the defendant* with a crime or offense. "The requirement that an indictment and an information must state the crime *with which a defendant is charged,* and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law" (citation omitted). This requirement is not met by an information which does not state the name of the person charged. To be sufficient, an information must be directed against some person. (Citation omitted; emphasis in original.)

The Court is not unmindful of the line of cases which support the proposition that a misnomer, misspelling or abbreviation of a defendant's name does not bar correction of an apparent defect in the information by amendment. United States v. Denny (C.A. 7th, 1947), 165 F.2d 668; State v. Hurley (1952), 251 S.W.2d 617 (where the defendant's name appeared in the caption but defendant was referred to in the body of the information by the term "defendant"). See also 21 Am.Jur.2d, Indictments and Informations §§ 128 and 187 and cases cited therein and 2 Wharton's Criminal Procedure § 278 and cases cited therein.

■ These cases may all be distinguished, however, for the reason that they all charge the commission of a particular offense *by a named defendant,* albeit the name stated is misspelled or some abbreviation, variation or designation is used in lieu of the correct

name. Accordingly the defect, in these circumstances, is correctable rather than fatal.

This leaves for disposition then, only the question whether the failure of the defendant to move for dismissal before trial constitutes a waiver. Rule 12(b) is dispositive of this issue.

Recourse to the Notes of the Advisory Committee on Rules relative to Rule 12 subdivision (b)(1) and (2) discloses that:

> These two paragraphs classify into two groups all objections and defenses to be interposed by motion prescribed by Rule 12(a). In one group are defenses and objections which must be raised by motion, failure to do so constituting a waiver. In the other group are defenses and objections which . . . may be raised by motion, failure to do so . . . not constituting a waiver.

> . . . In the other group of objections and defenses, which the defendant . . . may raise . . . objections which are capable of determination without a trial of the general issue. They include such matters as . . . lack of jurisdiction, failure of . . . information to state an offense etc. Such matters have been heretofore raised by demurrers, special pleas in bar and motions to quash.

■ ■ Since this information simply fails to state an offense for the reasons set forth in Part I hereof and is susceptible of determination without a trial of the general issue, it was not waived by counsel's failure to move for dismissal, on these grounds, before trial. In this circumstance, it is not inappropriate for the Court to act, sua sponte, or in response to a motion made, after commencement of the trial.

## ORDER

For the reasons expressed in the Memorandum Opinion filed herein on even date herewith, it is

ORDERED that the Order of Dismissal heretofore entered by the Territorial Court on January 4, 1980, be and the same hereby is affirmed.