## MERCER v. UNITED STATES.

### No. 4725.

Circuit Court of Appeals, Third Circuit.

Aug. 26, 1932.

J. Franklin Nusbaum and Benjamin M. Golder, both of Philadelphia, Pa., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., John Lord O'Brian, Asst. Atty. Gen.,

and Israel B. Oseas, of New York City, and William G. Davis and James Lawrence Fly, Sp. Assts. to Atty. Gen.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

Michael J. Duffy, Harry R. Mercer, and another, unknown, were indicted on the charge of conspiracy to restrain and monopolize interstate commerce in motortrucking between Philadelphia and New York in violation of the Sherman Anti-Trust Act, 26 Stat. 209, §§ 1, 2 (15 USCA §§ 1, 2). The indictment contains two counts; the first charging the defendants with conspiracy to restrain interstate commerce, and the second charging the defendants with conspiracy to monopolize interstate commerce. Before the trial Michael J. Duffy was killed. Defendant Mercer was tried before a court and jury, and was found guilty on both counts. At the beginning of the trial, the defendant Mercer filed a demurrer to the indictment, which was overruled by the court. When the evidence of the government was completed, counsel for the defendant entered a motion for the direction of a verdict of "not guilty," which was denied by the court. After the verdict, counsel for the defendant filed a motion for a new trial and a motion in arrest of judgment, which were overruled. After the verdict, Mercer was sentenced to pay a fine of $250 and undergo imprisonment for a period of three months. From this judgment, an appeal was taken to this court.

The defendant has assigned five errors: First, the overruling of the demurrer to the indictment; secondly, the denying of defendant's motion for a directed verdict; thirdly, the denying of defendant's motion in arrest of judgment; fourthly, the entry of judgment against the defendant; and, fifthly, that the judgment of the court was contrary to law.

From these assignments of error, two main questions arise: First, the sufficiency of the indictment, and, secondly, the sufficiency of the evidence. The first count of the indictment charges that "beginning at, to-wit, some time prior to March 24, 1931 (the exact time being to the grand jurors unknown) and continuously thereafter until to-wit, the date of the filing of this indictment, Michael J. Duffy, Harry R. Mercer, John Doe, Jacob Saul, Joseph Saul and Harry Miller, together with divers other persons to the grand jurors unknown (said defendants and other persons whether named or unknown being hereafter collectively described as conspirators) well knowing all matters of fact in this indictment set forth, within the State and District of New Jersey, entered into and engaged in a conspiracy in restraint of the trade and commerce described in paragraphs 1 and 2 of this indictment, which said conspiracy has among others the following objects:

"To cause the trucking companies aforesaid to cease to compete with each other in interstate commerce as aforesaid;

"To cause the trucking companies aforesaid to cease to compete with each other in the rates charged by them for their services in transporting goods, wares and merchandise in interstate commerce as aforesaid;

"To cause said trucking companies by agreement to increase the rates now charged by them for such transportation and to adopt by agreement arbitrary, unreasonable and non-competitive rates;

"To coerce, by violence and threats of violence, trucking companies to become parties to such agreement and to abide by the rates so fixed;

"To coerce shippers, by destruction and delay of merchandise offered for shipment, to avail themselves of the services of trucking companies charging such arbitrary, unreasonable and non-competitive rates.

"And as part of the said conspiracy and to accomplish the objects thereof, the defendants aforesaid have caused by-laws to be written and have attempted to organize an association known as Motor Freight Transportation Association and have summoned representatives of a large number of trucking companies to attend meetings conducted by the said conspirators and have themselves attended such meetings and have at such meetings, by threats of violence, urged and attempted to coerce representatives of trucking companies to become parties to the said conspiracy, have in fact secured the agreement of a number of trucking companies to become members of the said Motor Freight Transportation Association and to become parties to the conspiracy as aforesaid."

The second count charges the defendants with conspiracy to monopolize interstate commerce in the same manner as that set forth in the first count.

The offense of conspiracy to restrain and monopolize interstate commerce in violation

of the Sherman Act is sufficiently described in the indictment. In a conspiracy case, it is not necessary to set out in detail the evidence of the conspiracy. Nor is it necessary to describe the conspiracy with the same degrees of particularity required in describing a substantive offense. United States v. Rosenwasser Bros. (D. C.) 255 F. 233; United States v. United States Brewers' Asso. (D. C.) 239 F. 163, 170; United States v. King (D. C.) 229 F. 275; United States v. Norris (D. C.) 255 F. 423; Mark Yick Hee v. United States (C. C. A.) 223 F. 732.

The evidence was sufficient for submission to the jury and to warrant the jury in their finding.

The appellant contends that the prosecution was premature and instituted before any crime had been committed, because the defendants had not reached any final determination upon a plan which would be a conspiracy within the meaning of the antitrust laws. The defendant's contention is based chiefly upon the assumption that there could be no conspiracy to restrain trade unless and until the association had been completely formed, but the government need not wait until the conspirators have effectuated an actual restraint of trade before it takes action. United States v. Trenton Potteries Company et al., 273 U. S. 392, 47 S. Ct. 377, 71 L. Ed. 700, 50 A. L. R. 989. In this case the Supreme Court of the United States, on page 402 of 273 U. S., 47 S. Ct. 377, 381, 71 L. Ed. 700, 50 A. L. R. 989, held: "Then it was immaterial whether the agreements were ever actually carried out, whether the purpose of the conspiracy was accomplished in whole or in part, or whether an effort was made to carry the object of the conspiracy into effect."

The evidence is overwhelming that, prior to any meeting, the defendants Duffy and Mercer had worked out a plan to restrain interstate commerce. The actions of the defendants constitute conspiracy to restrain and monopolize interstate commerce between Philadelphia and New York. The evidence clearly shows that the defendants had entered into a conspiracy to restrain and monopolize commerce, and that in pursuance of this conspiracy they held meetings and actually attempted to carry out the purpose of the conspiracy. The evidence was sufficient for the consideration of the jury, and the jury were warranted in their verdict. The court below was justified in entering judgment on the verdict, and the judgment is affirmed.