## UNITED STATES v. SHERWIN–WILLIAMS CO. et al.

## UNITED STATES v. E. I. DU PONT DE NEMOURS & CO. et al.

### Cr. Nos. 12789, 12790.

United States District Court
W. D. Pennsylvania.

April 15, 1949.

Edward R. Kenney, Special Asst. to the Atty. Gen., for the United States.

Earl F. Reed and William C. O'Neil, both of Pittsburgh, Pa., and Charles A. Horsky and Orm W. Ketcham, both of Washington, D. C., for E. I. Dupont De Nemours & Co. and Henry Lackey.

Obed K. Price, of Pittsburgh, Pa., for Columbus Varnish Co. and Walter S. Hanna.

John A. Duncan and Clifton M. Kolb, both of Cleveland, Ohio, for The Glidden Company and E. C. Shurtleff.

McVICAR, District Judge.

Indictments at numbers 12789 and 12790 charge seventeen corporate defendants and twenty-one individual defendants engaged in various phases of the paint and varnish industry with conspiracy to violate the Sherman Anti-Trust Act, § 1, 15 U.S.C.A. § 1.

E. I. Dupont De Nemours & Co., Columbus Varnish Co., and The Glidden Co., corporate defendants, and individuals, Henry Lackey, Walter S. Hanna and E. C. Shurtleff have moved to dismiss the indictments or in the alternative for a Bill of Particulars. The other defendants have pleaded nolo contendere and paid fines pursuant to sentences of this court.

Indictment No. 12789 charges certain defendants with conspiracy to fix and con-

trol prices of paints, varnishes, enamels and lacquers in restraint of interstate commerce, and indictment No. 12790 charges certain defendants with conspiracy to fix and control prices of wood finishes, the charges are essentially the same in the two indictments. Since the grounds urged in support of the motions are the same, both cases will be disposed of by this opinion.

The indictments charge that beginning in or about the year 1937 (the date in number 12790 is 1940) and continuing thereafter to the date of the return of this indictment, the defendants have engaged in a combination and conspiracy to fix, stabilize, maintain and control the prices, discounts, allowances, and terms of sale of paints, varnishes, enamels and lacquers in restraint of interstate trade and commerce; and that the combination and conspiracy has consisted of a continuing agreement and concert of action among the defendants. The indictments set forth the substantial terms of the alleged agreement and concert of action.

The defendants' motions to dismiss allege that the indictments are in violation of the Fifth and Sixth Amendments to the Constitution of the United States and do not meet the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The Fifth Amendment provides:

" * * * Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

The Sixth Amendment provides:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *."

Rule 7(c) of Federal Rules of Criminal Procedure provides:

"The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. * * * It may be alleged in a single count that the means by which the defendant committed the offense are unknown * * *."

■ Although Rule 7(c) has made it unnecessary to charge an offense with the precision and detail as was formerly required, it has long been well settled that in charging a conspiracy under the Sherman Act, overt acts, other than the conspiracy itself, need not be pleaded or proved. Nash v. United States, 1913, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232; United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 252, 60 S.Ct. 811, 84 L.Ed. 1129. In addition, it is not necessary to describe a conspiracy with the same degree of particularity as required in describing a substantive offense. Mercer v. United States, 3 Cir., 1932, 61 F.2d 97.

■ The indictments here in question not only charge the defendants with the offense substantially in the words of the Sherman Act, but also set forth the details of the crime by listing the terms of the "agreement and concert of action".

It is the opinion of the court that these indictments are drawn in compliance with Rule 7(c) of the Federal Rules of Criminal Procedure and satisfy the Constitutional requirements by charging the offense with sufficient definiteness and certainty to inform the defendants of the nature and cause of the accusations against them to enable them to adequately prepare their defenses, and, to plead an acquittal or conviction thereunder in bar of any other proceeding against them based on the same subject matter.

The defendants' motions to dismiss must be denied.

■ Although an indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced bad on a motion to dismiss, a defendant is entitled to a bill of particulars where the charge in the indictment is couched in such language that the defendant may be prejudicially surprised at the trial. However, these indictments set forth the conspiracy in sufficient detail to enable the defendants to adequately prepare their defenses without the threat of being surprised at the trial.

■ From the nature of the offense charged it is apparent that the negotiations, transactions, and dealings between the de-

fendants and others are complicated, involved and voluminous, and to restrict the government in presenting its case seems to be unwarranted. The defendants' motions seek, in great detail, matters relating to overt acts and evidence. These are not proper demands of a bill of particulars in this conspiracy charge under the Sherman Act. See: Swift & Co. v. United States, 1905, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518; Nash v. United States, 1913, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232; and United States v. General Electric Co., D.C.S.D. N.Y.1941, 40 F.Supp. 627.

The defendants Motions for Bill of Particulars must be denied.