**UNITED STATES v. GREATER PITTS-BURGH LINEN SUPPLY ASS'N et al.**

Cr. No. 13205.

United States District Court
W. D. Pennsylvania.

Nov. 10, 1950.

Edward C. Boyle, U. S. Atty., Pittsburgh, for the Government, plaintiff.

Harry Savage, of Margiotti & Casey, Pittsburgh, Pa., for the defendants.

MARSH, District Judge.

On the 20th day of June, 1950, an indictment was returned at No. 13205 Criminal, charging eight corporations and four individuals engaged in the business of furnishing linen supplies in the "Pittsburgh area," with conspiracy to violate the Sherman Anti-Trust Act.[1]

The matter is before the court upon a motion for bill of particulars filed on behalf of all the defendants. The requests aggregate over twenty. If these requests were granted in toto, substantially the whole factual situation of the case would be disclosed.

The "Pittsburgh area" is defined in the indictment as including Western Pennsylvania, Eastern Ohio and Northern West Virginia. The Greater Pittsburgh Linen

1. Title 15 U.S.C.A. § 1.

586

Supply Association, one of the corporate defendants herein, is a Pennsylvania corporation having its principal place of business in Pittsburgh, Pennsylvania, and is composed of a group of linen suppliers in this area. Six of the other corporate defendants are Pennsylvania corporations in the linen supply business, and five of these corporations have their principal places of business in Pittsburgh; the other's place of business is at Jeannette, Pennsylvania. The remaining corporate defendant is an Ohio corporation, with its principal place of business at Youngstown, Ohio. One of the individual defendants is secretary of the defendant association. The other three individual defendants are linen suppliers with their places of business in Pittsburgh.

All of the defendants are members of the Greater Pittsburgh Linen Supply Association, a defendant herein. They are charged with having entered into a combination and conspiracy which consists of a "continuing agreement and concert of action" among all the defendants, inter alia, to fix prices and to prevent and exclude others from doing business as linen suppliers in the Pittsburgh area in competition with the members of defendant association, the Greater Pittsburgh Linen Supply Association.

We think these considerations distinguish this case from United States v. United States Gypsum Co. et al., D.C., 37 F.Supp. 398, and United States v. Metropolitan Leather & Findings Ass'n, Inc., et al., D.C., 82 F.Supp. 449, where at least some particulars were ordered.

In these cases the interdicted conspiracies were widespread, all of the parties were not known to each other, as here; the places of business of the parties covered a large area, and it did not appear, as here, that the defendants were all members of a corporate association.

■ We, therefore, think the principles expressed by Judge McVicar, in United States v. Sherwin-Williams Co. et al., D.C.

W.D.Pa., 9 F.R.D. 69, and by Judge Ganey in United States v. Empire Hat & Cap Mfg. Co. et al., D.C.E.D.Pa., 47 F.Supp. 395, are controlling here.[2]

It seems that the defendants are seeking as much evidence as this court will require the Government to disclose.

■ Evidence need not be set out. Mercer v. United States, 3 Cir., 1932, 61 F.2d 97.

Moreover, most of the data requested should be within the knowledge of the defendants and of the Association, or its officers and agents, to whom each defendant member has or should have access; or it should be found among the records of the Association, which each member should be able to examine. From the detail already appearing in the indictment, no defendant should be prejudicially surprised if inquiry is made with reasonable diligence among the members of this Association.

Whether the Association or its members participated in the conspiracy as charged in the indictment is peculiarly within their knowledge. If defendants did not so conspire, they can readily defend against the charge so made.

The motion of the defendants requesting bill of particulars is denied.

2. See also United States v. General Electric Co. et al., D.C.S.D.N.Y.1941, 40 F. Supp. 627; United States v. General Petroleum Corporation of California et al., D.C.S.D.Cal.1940, 33 F.Supp. 95; United States v. Greater Kansas City Retail Coal Merchants' Ass'n et al., D. C.W.D.Mo.1949, 85 F.Supp. 503.