Dave STERN, Warren Hamburger, John
Barclay, and Joseph Radley,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 327, Docket 32229.

United States Court of Appeals
Second Circuit.

Submitted Feb. 11, 1969.

Decided April 4, 1969.

Daniel S. Cohen, Utica, N. Y., for appellants.

Justin J. Mahoney, U. S. Atty., and James P. Shanahan, Asst. U. S. Atty., Northern District of New York, for appellee.

Before ANDERSON and FEINBERG, Circuit Judges, and MANSFIELD, District Judge.*

PER CURIAM:

Appellants Stern, Hamburger, Barclay and Radley, and other defendants, were indicted for conspiring to defraud the government with respect to claims made against it, in violation of 18 U.S.C. § 286, and for making or causing to be made false claims upon the government, in violation of 18 U.S.C. §§ 287 and 2. The allegedly unlawful scheme consisted of appellants' sales of non-reimbursable clothing to postal employees who were led to believe the items were reimbursable. The employees received false invoices which they submitted to the government for payment.

The accused were tried jointly in the District Court for the Northern District of New York. At the close of the Government's evidence, the trial court granted appellants' motions for dismissal of the conspiracy count but denied their motions for severance and separate

---

* Of the Southern District of New York, sitting by designation.

trials. Appellants were convicted, following jury verdicts of guilty, on the substantive counts. The principal question on appeal is whether the trial court erred in denying the motions to sever.

 It is well settled that the initial joinder of defendants is permissible under Rule 8(b) of the F.R.Crim.P. if the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses," 18 U.S.C. Rule 8(b), unless the charge of a concert of action was included in the indictment in bad faith, because it was alleged without "reasonable expectation that sufficient proof would be forthcoming at trial." United States v. Aiken, 373 F.2d 294, 299 (2 Cir. 1967). While the Government may have been somewhat optimistic, there was enough to preclude a finding of bad faith here: first, there was evidence of a common relationship with defendant Jadlowski at the headquarters of the Utica Uniform Company through which sales were made; second, there was evidence that the appellants and other defendants attended joint sales meetings and conferences; and, third, there was evidence of a common modus operandi. See United States v. Catino, 403 F.2d 491 (2 Cir. 1968).

 Assuming the propriety of the original joinder, dismissal of the conspiracy count required the granting of separate trials in this case only if "it appears that a defendant * * * is prejudiced by a joinder of offenses or of defendants in an indictment * * * or by such joinder for trial together." 18 U.S.C. Rule 14, F.R.Crim.P.; Schaffer v. United States, 362 U.S. 511, 514, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). The appellants claim that the interspersal of proof against one defendant between proof against other defendants made it impossible for the jury to marshal all the proof applicable to each separate defendant. An examination of the record, however, demonstrates that there was no such prejudice here. Rather, it appears that the proof against the appellants

Hamburger, Barclay and Radley was fairly contiguous, and that against Stern, though interspersed with other evidence, was overwhelming. It is not alleged that proof was admitted subject to connection and thereafter not stricken on appropriate motion. Moreover, throughout the trial, the court repeatedly instructed the jury to consider testimony with respect to a particular defendant against that defendant alone. Finally, the court's arrangement and orderly presentation, in the form of verdict submitted to the jury, of the various transactions as they concerned the different accused, removed any chance of confusion which may have existed in the minds of the jurors at the close of the evidence.

The judgments of the District Court are affirmed.