**UNITED STATES of America, Appellee,**

v.

**Frank SANDERS, III, Appellant.**

**No. 77–1026.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1977.

Decided Oct. 13, 1977.

John K. Green, Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for appellant.

Daniel E. Wherry, U.S. Atty., Omaha, Neb., for appellee.

Before STEPHENSON and WEBSTER, Circuit Judges, and BENSON, Chief Judge.*

WEBSTER, Circuit Judge.

Frank Sanders III appeals his conviction on four counts of mail fraud, in violation of 18 U.S.C. § 1341. His principal claim of error is that the charges against him were, at the outset, improperly joined with those against a codefendant, Thomas Faison, and that the severance granted by the District

Court during trial was insufficient to cure the prejudice caused by the improper joinder. We affirm the convictions.

The initial indictment against the two defendants was in eleven counts. Count I charged Sanders with causing a certain letter to be mailed in furtherance of a scheme to defraud five insurance companies. Each of the remaining counts incorporated by reference the description of the scheme alleged in Count I, and charged one or both defendants with causing the mailing of a letter in furtherance of the scheme. Sanders alone was charged in Counts II, III, V, VI, VII, and VIII; Faison alone was charged in Counts IX, X, and XI.[1] Sanders and Faison together were charged in Count IV.

Sanders moved for a separate trial, contending both that the charges against the two defendants were improperly joined in the same indictment under Fed.R.Crim.P. 8(b), and that the cumulative evidence resulting from a joint trial would lead to prejudice, from which he was entitled to relief under Fed.R.Crim.P. 14. The District Court[2] denied the motion, finding that the charges as drawn were the proper subject of a single indictment. The court also denied the Rule 14 motion, stating, "There is yet nothing before the court to foretell such a prejudicial result."

In its case-in-chief at trial, the government proved that Sanders had filed claims of loss for eleven thefts. The claims were filed with five insurance companies over a period from April, 1970 to June, 1975. Several of the claims were filed shortly after the policies were taken out. Many of the claimed losses included large amounts of clothing, which insurance adjuster Fred Hartford testified was highly unusual. Receipts for some items, particularly a television set and Mrs. Sanders' wedding rings, were sometimes submitted in proof of separate losses.

---

* The Honorable Paul Benson, Chief Judge, United States District Court, District of North Dakota, sitting by designation.

1. Prior to trial the government dismissed Counts VI, VII and VIII against appellant.

2. The Hon. Robert V. Denney, United States District Court for the District of Nebraska.

In applying for these insurance policies, Sanders sometimes concealed previous losses. Particularly, in applying for a Mutual Service Casualty Insurance Company Policy in January, 1975, having suffered nine losses in six years, Sanders denied having suffered any previous losses.

The evidence relating to co-defendant Faison showed that he filed four separate claims with three companies. One of these claims was filed with State Farmers, a company with which Sanders had earlier filed claims. Four of the receipts submitted as proof of this claim had earlier been submitted in proof of a separate claim by Sanders.

At the close of the government's evidence, defense counsel moved to dismiss, contending there was a fatal variance between the indictment, which charged a single scheme to defraud, and the evidence, which showed at most separate schemes by the two defendants. The District Court found no fatal variance, but did conclude that misjoinder had occurred. It accordingly ordered a severance of the counts against Faison and also Count IV, wherein both were charged;[3] the trial proceeded with only Sanders as defendant. The exhibits relating to Faison were never sent to the jury, which was told to disregard all such evidence. Sanders was found guilty on four counts. On appeal, he asserts error in (1) the failure to grant his pretrial motion for severance under Rule 8(b); (2) the failure to grant relief from prejudicial joinder prior to trial, and failure to grant a mistrial rather than severance; (3) the government's bad faith in bringing the joint indictment; (4) the admission of evidence of prior claims of which there was no direct evidence offered; and (5) the amount of restitution ordered.

## I.

The propriety of jointly trying defendants is governed by Fed.R.Crim.P. 8(b) and 14. Rule 8(b) permits the joinder in a single indictment of two or more defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 14 authorizes the trial court to grant relief from joinder, even if it is technically proper under Rule 8, "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together . . . ." In granting relief, the court "may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

The impropriety of trying multiple defendants may be objected to in several ways. First, it may appear before trial that the requirements for joinder under Rule 8(b) have not been satisfied. This determination is usually made on the basis of the indictment alone. 8 J. Moore, Federal Practice ¶ 8.06[3]; *see, e. g., United States v. Porter*, 441 F.2d 1204, 1212 (8th Cir.), *cert. denied*, 404 U.S. 911, 92 S.Ct. 238, 30 L.Ed.2d 184 (1971). It has been held that the improper denial of a pretrial motion for relief from misjoinder on Rule 8 grounds is prejudicial *per se*. *Haggard v. United States*, 369 F.2d 968, 973 (8th Cir. 1966); *United States v. Marionneaux*, 514 F.2d 1244, 1248 (5th Cir. 1975); *Ingram v. United States*, 272 F.2d 567, 569 (4th Cir. 1959); *contra, United States v. Granello*, 365 F.2d 990, 995 (2d Cir. 1966). *See United States v. Graci*, 504 F.2d 411, 413 (3d Cir. 1974) (noting the problem); 1 C. Wright, Federal Practice & Procedure § 144 at 329 (1969).

Second, even if joinder is technically proper, Rule 14 relief may be necessary if specific prejudice is claimed to arise from the joint trial. The denial of relief under Rule 14 is reviewed under an abuse of discretion standard. However, unlike the treatment of error under Rule 8, an improper denial of relief under Rule 14 can be harmless error. *United States v. Jackson*, 549 F.2d 517, 523 (8th Cir. 1977); *United States v. Graham*, 548 F.2d 1302, 1310 (8th Cir. 1977); *United States v. Johnson*, 540 F.2d 954, 959 (8th Cir. 1976).

**3.** Count IV was dismissed by the government following the trial.

■ Another way in which the impropriety of a joint trial may arise is where an element of the government's case that made joinder proper in the first instance (e. g., a conspiracy count charging all defendants) is unsupported by the evidence. The commentators have labeled this "retroactive misjoinder." 1 C. Wright, Federal Practice and Procedure § 144 at 333 (1969); 8 J. Moore, Federal Practice ¶ 8.06[3] (2d ed. 1976). The Supreme Court has in effect held the strict standards for reversible error under Rule 8 to be inapplicable; rather, the question is whether a severance should have been ordered under Rule 14. *Schaffer v. United States*, 362 U.S. 511, 514, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960).

Wooden application of the *Schaffer* rule would create a potential for abuse. Prosecutors could charge conspiracy counts which they knew to be without merit, as a device for joining defendants whose charges are otherwise unrelated. Because the indictment could withstand initial scrutiny under Rule 8, the defendants would be entitled to relief from improper joinder only upon a showing of the prejudice required under Rule 14. To prevent this subversion of Rule 8's purposes, the Second Circuit has suggested that relief be available regardless of prejudice in a "retroactive misjoinder" situation, if the prosecutor has acted in bad faith. *Stern v. United States*, 409 F.2d 819, 820 (2d Cir. 1969) (finding sufficient evidence to preclude finding of bad faith); *Brandon v. United States*, 431 F.2d 1391, 1396 (7th Cir. 1970), *cert. denied*, 400 U.S. 1022, 91 S.Ct. 586, 27 L.Ed.2d 634 (1971).

## II.

After a review of the record, in light of the above principles, we conclude that appellant has not shown grounds for reversal.

### Initial Joinder

■ The indictment charged both defendants with devising and carrying out a single scheme to defraud, in furtherance of which they caused numerous mailings in violation of 18 U.S.C. § 1341. This was a sufficient allegation that they "participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses" to render the initial joinder proper. *See United States v. McKuin*, 434 F.2d 391, 395 (8th Cir. 1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 875, 27 L.Ed.2d 810 (1971) (joinder was proper when both defendants caused mailings in furtherance of a single mail fraud scheme).

### Relief Under Rule 14

■ At trial, the government's evidence did not show a single scheme; rather, the evidence indicated separate schemes on the part of Sanders and Faison. Thus, the case became a classic one of "retroactive misjoinder." The element justifying the initial joinder under Rule 8(b), the common scheme, was lacking. The District Court responded by ordering severance of the counts against Faison. Whether this was adequate relief is to be judged by the standards of Rule 14. *Schaffer v. United States, supra*, 362 U.S. at 514, 80 S.Ct. 945.

■ Appellant contends, first, that severance was inadequate because it came too late. He points to statements made before trial by the government attorneys that "[o]nly in count IV are the two alleged to be defrauding the same insurance company. Sanders allegedly defrauded his insurance companies; Faison allegedly defrauded his insurance companies."

Appellant contends this was notice to the trial court that the government's proof would support two schemes, not a single joint scheme. However, the government asserted that it would prove "a scheme," and it was part of the scheme that each defendant submit the same receipts in support of his claims. On the basis of these representations by the government, we cannot conclude that the District Court abused its discretion in denying pretrial severance. The Court did not at that time have sufficient information to conclude that the government must fail in its attempt to prove a single scheme.

■ Second, appellant argues that severance, when granted at the close of the

government's case, was insufficient to cure the prejudice resulting from improper joinder. He contends that a mistrial should have been ordered. This argument is without merit because the evidence against the two defendants, with the exception of the four receipts used by both men, was entirely separate. The jury could be expected to segregate and disregard the evidence against Faison in determining appellant's guilt. *See United States v. Campanale*, 518 F.2d 352 (9th Cir. 1975), *cert. denied*, 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1976); *United States v. Franks*, 511 F.2d 25 (6th Cir.), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975). It was aided in this task by careful limiting instructions. *See Leach v. United States*, 402 F.2d 268 (5th Cir. 1968), *cert. denied*, 392 U.S. 1082, 89 S.Ct. 864, 21 L.Ed.2d 775 (1969). The evidence against appellant was, if anything, more damaging than that against Faison. The District Court did not abuse its discretion in refusing to take the further step of declaring a mistrial, after it granted a severance. *Compare Leach v. United States, supra* (no abuse of discretion in failing to grant mistrial to remaining defendant, after co-defendant was severed). No prejudice was shown. *See United States v. Lewis*, 547 F.2d 1030 (8th Cir. 1976).

### Bad Faith

■ Appellant contends that, regardless of prejudice, he is entitled to a new trial because the initial joinder resulted from bad faith on the part of the prosecutor. Before trial, the prosecutor knew that Faison and Sanders had lived together for a short time, and that both had, on different occasions, sent the same four receipts to one insurance company in support of two different claims. While the government might have been "somewhat optimistic"; *see Stern v. United States, supra*, 409 F.2d at 820, in believing it could prove a single scheme, there is insufficient evidence to show that it acted in bad faith. Appellant is not entitled to a new trial on this basis.

Therefore, while the basis for joinder under Rule 8 might have been lacking, this was not apparent from the indictment. It has not been shown that the indictment was drawn in bad faith. When the defect appeared at trial, the District Court took proper steps to insure that appellant received a fair trial. No basis for reversal has been shown.

### III.

■ Appellant urges that the District Court erred in admitting proof of prior claims of loss filed by him, that were not charged in the indictment. He contends this was an improper use of other crimes evidence, in violation of Fed.R.Evid. 404(b).

First, this was not evidence of other crimes. It was simply offered to show that, on certain prior occasions, appellant had filed insurance claims for loss by theft. Second, contrary to appellant's contention, it was not introduced as character evidence in order to prove that appellant acted in conformity therewith. *See* Fed.R.Evid. 404(a). It was the government's theory that appellant's fraudulent intent was shown by his denial on later applications of prior theft loss claims. Proof of those claims was relevant on the issue of his intent and proof of more than one claim was not merely "cumulative." Appellant's failure to disclose a number of prior claims is far more probative of his fraudulent intent than his failure to disclose a single claim.

These prior claims were therefore relevant; they tended "to make the existence of [a] fact that [was] of consequence to the determination of the action more probable . . . .," Fed.R.Evid. 401. The prejudicial impact of the prior claims did not substantially outweigh their probative value. Fed.R.Evid. 403. They were properly admitted.

### IV.

The District Court placed appellant on probation, on condition that he make restitution of $2,693.00 to the companies he was found to have defrauded. The parties have stipulated that this amount was improperly calculated; the correct figure is $1,993.00.

## V.

### Conclusion

The cause is remanded with direction to reduce the amount to be paid in restitution to $1,993.00; the judgment of the District Court is in all other respects affirmed.