**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**WELLS FARGO ARMORED SERVICE
CORPORATION, Defendant-Appellant.**

No. 78–5254.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1979.

William E. Willis, David B. Tulchin, Howard D. Burnett, New York City, D. R. Cumming, Jr., Carey P. DeDeyn, Harold Wayne Phears, Atlanta, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., Atlanta, Ga., Robert B. Nicholson, Washington, D. C., Bruce E. Fein, John H. Shenefield, Asst. Atty. Gen., Washington, D. C., Charles C. Murphy, Jr., John T. Orr, Jr., James M. Griffin, Attys., Dept. of Justice, Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GEE and RUBIN, Circuit Judges.

PER CURIAM:

Upon entering a plea of nolo contendere, appellant Wells Fargo was convicted of conspiracy to allocate customers and to submit collusive bids for armored car and related services in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (1973). The indictment against appellant was returned on June 21, 1977. It alleged that appellant participated in a conspiracy beginning "at least as early as 1968 and continuing thereafter at least until August 1975. . . ." On December 21, 1974, Congress amended the Sherman Act to increase the maximum fine from $50,000 to $1,000,000 for conduct by corporations in violation of Section 1. Such conduct was thus changed from a misdemeanor to a felony.

In accepting appellant's nolo contendere plea, the district court found that the indictment charged a felony. The trial judge went to considerable lengths to inquire whether appellant and its counsel understood the facts alleged in the indictment, that the indictment charged a felony carrying a maximum $1,000,000 fine and that the plea would waive all constitutional rights attendant to a full and fair trial. To these detailed inquiries, appellant replied through counsel in the affirmative, clearly manifesting an intelligent understanding and voluntary acceptance of the consequences of the plea. The court then entered a judgment of conviction and imposed a fine of $375,-000.

On this appeal, appellant contends that that the felony conviction violated the Constitution's prohibition against *ex post facto* laws in that the indictment purported to charge a felony without alleging that overt acts occurred during the time period after December 21, 1974, when the offense was made a felony. Appellant also argues that the indictment was impermissibly vague and insufficient for failing to allege criminal intent. After careful scrutiny of appellant's contentions, we find them to be without merit.

The judgment is AFFIRMED.