**UNITED STATES of America**

v.

**CAMPBELL HARDWARE, INC., David E. Thompson, Inc., Contract Hardware, Inc., H. C. I. Corporation, Dudley Hardware Company, David E. Thompson, and C. Robert Taylor.**

Crim. No. 78–460–F.

United States District Court,
D. Massachusetts.

April 9, 1979.

Eugene Hanson, U. S. Dept. of Justice, Anti-Trust Div., New York City, for plaintiff.

Stuart M. Gerson, Washington, D. C., Reed, Smith, Shaw & McCloy, Washington, D. C., for defendant Thompson Hardware, Inc.

Richard E. Bachman, Boston, Mass., Hale, Sanderson, Byrnes & Morton, Boston, Mass., for defendants Thompson and Taylor.

Alan R. Hoffman, Boston, Mass., Lynch, Brewer, Hoffman & Sands, Boston, Mass., for defendant Dudley Hardware.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

A federal grand jury named David E. Thompson, Inc., Dudley Hardware Company, David E. Thompson and C. Robert Taylor as defendants in an indictment charging violations of the Sherman Act, 15 U.S.C. § 1. The named defendants and co-conspirators allegedly combined and conspired in unreasonable restraint of interstate trade and commerce from "at least 1962 until at least October 1977." The alleged combination and conspiracy included, inter alia, a continuing agreement and concert of action to allocate among the defendants the architectural hardware projects in Massachusetts, Maine, New Hampshire, Connecticut and Rhode Island, and the submission of rigged bids in connection with these projects.

The case is now before this Court on defendants' motions to dismiss the indictment.[1] The various motions assert two ba-

---

1. The three other named defendants and co-conspirators Campbell Hardware, Inc., Contract Hardware, Inc., and H.C.I. Corporation have been disposed of by this Court's acceptance of nolo contendere pleas.

sic grounds for dismissal. Defendants Thompson, Taylor, David E. Thompson, Inc. and Dudley Hardware Company argue that, as to them, the indictment does not satisfy the requirements of F.R.Crim.P., 7(c)(1), and its Fifth and Sixth Amendment underpinnings, in that it is unconstitutionally vague and fails to charge the essential elements of the criminal offense. In addition, defendant Dudley Hardware Company contends that the indictment should be dismissed, or in the alternative, that it should be severed for trial, pursuant to F.R. Crim.P., 8(b) due to improper joinder and pursuant to F.R.Crim.P., 14 because of prejudicial joinder.

For reasons stated herein, this Court, after having considered arguments of counsel and memoranda submitted on the issues, denies defendants' various motions to dismiss and to sever.

*Sufficiency of the Indictment—Rule 7(c)(1)*

 Rule 7(c)(1), F.R.Crim.P. sets forth the requirements that an indictment must "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Ordinarily, an indictment that follows the language of the statute creating the criminal offense is sufficient in this regard. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); 8, Moore's Federal Practice, ¶ 7.04 at 7–15. In any event, it is clear that an indictment meets sufficiency tests if it contains the elements of the offense charged, informs the defendant of the nature of the charges against him in order that he might prepare an adequate defense and, is specific enough to preclude subsequent prosecutions for the same offense. *Hagner v. United States,* 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow,* 346 U.S. 374, 377–8, 74 S.Ct. 113, 98 L.Ed. 92 (1953). The fact that the indictment "could have been more definite and certain", is not the relevant standard. *United States v. Debrow, supra* at 378, 74 S.Ct. at 116.

In the instant case, paragraph 8 of the indictment sets forth, in the statutory language, the criminal offense charged. It also identifies the time period in question. The following two paragraphs are illustrative of what the combination and conspiracy was comprised of and the way in which it was effected. Paragraph 9 charges that the combination and conspiracy consisted of a continuing agreement and concert of action on the part of the defendants to divide among themselves the architectural hardware projects in the aforementioned five states. Paragraph 10 identifies the means employed by the co-conspirators, including agreeing upon low bidders and "exchanging information relating to prospective bids."

Defendants argue that this language is not adequate in that it fails to enumerate the specific times and places the alleged agreements took place and the roles played by, as well as the relationships between, the several alleged co-conspirators.

These arguments are not well taken. Defendants confuse the facts which the prosecution must establish at a trial on the merits of a criminal action with the allegations required to be made in an indictment charging a criminal offense. Much of the information sought by defendants, although not necessary to be contained in the indictment, is available to them by way of a bill of particulars.

 It is well settled that an indictment which charges a conspiracy to commit an offense, as opposed to charging the substantive offense itself, need not allege the elements of the substantive offense with the same technical precision. *Wong Tai v. United States,* 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Sherwin Williams Co.,* 9 F.R.D. 69, 70 (W.D.Pa. 1949). Furthermore, where the alleged conspiracy involves the unlawful restraint of interstate trade, courts have upheld indictments that did not aver:

the names of those who formed the alleged conspiracy or combination; when and where it was allegedly formed; the

manner and means by which it was allegedly formed; whether the alleged combination or conspiracy consisted of an express or an implied agreement; whether the alleged conspiracy was formed by oral or written agreement; the names of those who joined the alleged conspiracy or combination after its formation; when and where each of such parties allegedly joined; the manner and means by which each allegedly joined; whether each such alleged joining consisted of express or implied agreements; whether each such alleged joining was done in writing or orally; what particular part it is claimed each defendant had in the alleged combination or conspiracy; when, where, in what manner, and which defendants performed overt acts in furtherance of the alleged combination of conspiracy within the jurisdiction of the court within the applicable period of the statute of limitation; when and where they were performed; and by what defendants.

*United States v. Greater Kansas City Retail Coal Merchants' Association,* 85 F.Supp. 503, 507–8 (W.D.Mo.1949); *accord United States v. Greater Blouse, Skirt & Neckwear Contractors' Association, Inc.,* 177 F.Supp. 213, 220 (S.D.N.Y.1959); *United States v. Empire Hat & Cap Mfg. Co.,* 47 F.Supp. 395, 399 (E.D.Pa.1942). In light of the lesser standard of detail required of conspiracy indictments in general and Sherman cases specifically then, I hold that the language of this indictment does satisfy the mandate of rule 7(c)(1).[2]

The omission of the facts sought by defendants are more appropriately remedied by a motion for a bill of particulars. *Glasser v. United States,* 315 U.S. 60, 66, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Frankfort Distilleries v. United States,* 144 F.2d 824 (10th Cir. 1944), *reversed on other grounds,* 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 564 (1945). Defendants did move for, and the government did file, a bill in this case. The details and specifics supplied by the bill of particulars fill many of the interstices that defendants have argued deny them the opportunity to prepare an adequate defense and the ability to protect against twice being placed in jeopardy for the same offense.

■ One of the functions of a bill of particulars is to apprise the defendants of details omitted from the indictment. It also serves to effectuate the requirements of the Fifth and Sixth Amendments. 8, Moore's Federal Practice, ¶ 7.06 at 7–31, 32. This bill provides details that should facilitate defendants' trial preparation as well as comprise part of the record which can be relied on in the event further proceedings are initiated against the defendants. *Russell v. United States,* 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

■ I point out that the foregoing discussion should not be taken as an indication that this bill of particulars operates to save an otherwise invalid indictment; that cannot be the case. *Id.* at 770, 82 S.Ct. 1038. I hold, rather, that the instant indictment, charging a combination and conspiracy in violation of the Sherman Act, standing alone, is constitutionally sufficient and meets the requirements of F.R.Crim.P., 7(c)(1) in that "[t]he constituent elements of time, place, manner, means and effect . . . are generally alleged . . . so as to establish a violation of that act." *United States v. Greater Kansas City Retail Coal Merchants' Association, supra* at 508. The defendants are sufficiently apprised of the charges against them so as to be able to prepare an adequate defense and to plead the judgment here as a bar to a subsequent prosecution for the offense. *Id.* Accordingly, defendants' motions to dismiss based on this ground are denied.

■ Defendants have also contended that the indictment should be dismissed, pursuant to rule 7(c)(1), because it fails to charge a necessary element of the criminal offense

2. Defendants' reliance on *United States v. Tomasetta,* 429 F.2d 978 (1st Cir. 1970) is misplaced. *Tomasetta* is easily distinguished in that the prosecution was for a substantive offense, a violation of the loan sharking provisions of the Consumer Credit Protection Act, 18 U.S.C. § 894.

—intent. Defendants rely upon *United States v. United States Gypsum Company,* 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed. 854 (1978) as the basis for this proposition. Defendants' reliance upon *Gypsum* is misplaced. In *Gypsum,* the Supreme Court was addressing not the sufficiency of the allegations in an indictment, but rather, whether intent was a necessary element to be proven, beyond a reasonable doubt, to the jury. *Id.* 98 S.Ct. at 2876. It is settled that where an indictment charges a conspiracy, it need not expressly allege intent because the intent must necessarily be implied. *Frohwerk v. United States,* 249 U.S. 204, 209, 39 S.Ct. 249, 63 L.Ed. 561 (1919); *see United States v. Barbato,* 471 F.2d 918, 921 (1st Cir. 1973); *see also Universal Milk Bottle Service v. United States,* 188 F.2d 959 (6th Cir. 1951) (Sherman Act case). I hold, consequently, that the conspiracy allegation in this indictment necessarily implies the requisite element of intent. Defendants' motion to dismiss on this ground is denied.

■ In its motion, Dudley Hardware Company ("Dudley"), alluded to the fact that this indictment "fails to contain any overt acts which would shed some light on the nature of the conspiracy charged . . . ." It is clear that the government need not allege any overt acts in an indictment charging a conspiracy to restrain or monopolize interstate trade or commerce, in violation of section 1 of the Sherman Act. *Nash v. United States,* 229 U.S. 373, 378, 33 S.Ct. 780, 57 L.Ed. 1232 (1913). Dudley's motion to dismiss based on the omission of overt act allegations in this indictment is, therefore, denied.

■ Finally, with respect to the sufficiency of this indictment, defendants have asserted an *ex post facto* argument. Congress amended section 1 of the Sherman Act in 1974 to impose felony sanctions for a criminal violation. Because the conspiracy charged here dates back to 1961 and owing, also, to the lack of detail as to when each of them allegedly joined, the defendants de-

mand dismissal. The indictment, however, alleges that the conspiracy continued "until at least October 1977." In *United States v. Wells Fargo Armored Service Corporation,* 587 F.2d 782 (5th Cir. 1979), the Court of Appeals for the Fifth Circuit, in a per curiam opinion, found an identical argument to be "without merit." *Id.* at 783. I find *Wells Fargo* instructive on this issue; consequently, I hold that the motion to dismiss based on the *ex post facto* argument is denied.

Having dealt with defendants' motions concerning the sufficiency of the indictment, the Court will now turn its attention to the joinder issues that have been raised.

*Joinder of Defendants—Rules 8(b) and 14*

Rule 8(b), F.R.Crim.P. provides in pertinent part: "Two or more defendants may be charged in the same indictment . . . if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. . . . ."

Dudley argues that the indictment should be dismissed because the government has improperly joined it with defendants David E. Thompson, Inc., Thompson and Taylor. In the alternative, Dudley moves for severance because of the improper joinder under rule 8(b) and for severance because of prejudicial joinder pursuant to F.R.Crim.P., 14.

As grounds for its motion, Dudley asserts that it entered into agreements only with Campbell Hardware, Inc., a defendant previously disposed of by this Court[3] and, that at trial the government's evidence will consist of some seventeen transactions, only three of which involve it.

■ Assuming, arguendo, that this were an improper joinder of Dudley with the other named defendants, this Court would, nevertheless, be ill-disposed to grant the motion to dismiss. The weight of authority appears to hold that the proper remedy for misjoinder is to compel the prosecution to elect or to sever defendants for trial rather than to dismiss the indictment. 8, Moore's

---

**3.** *See* n. 1, *supra.*

Federal Practice, ¶ 8.06[4] at 8–43; *Cupo v. United States,* 123 U.S.App.D.C. 324, 359 F.2d 990 (1966), *cert. denied,* 385 U.S. 1013, 87 S.Ct. 723, 17 L.Ed.2d 549 (1967); *accord United States v. Lugo,* 269 F.Supp. 757 (E.D.Wis.1967); *United States v. Harvick,* 153 F.Supp. 696 (D.N.D.1957). Accordingly, Dudley's motion to dismiss pursuant to rule 8(b), for misjoinder, is denied.

 In considering Dudley's motion to sever pursuant to rule 8(b), the Court notes that the foundation of the rule is one of judicial economy. It is intended to promote efficiency and to avoid a multiplicity of trials. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In this regard then, courts should broadly construe the rule in favor of the initial joinder. *United States v. Friedman,* 445 F.2d 1076 (9th Cir. 1971), *cert. denied,* 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971); *accord Haggard v. United States,* 369 F.2d 968 (8th Cir. 1966), *cert. denied,* 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967).

 The instant indictment charges that the defendants and co-conspirators "engaged in a combination and conspiracy in unreasonable restraint of . . . interstate trade and commerce in violation of . . . the Sherman Act," over a fifteen year period. It is further alleged that the conspiracy "consisted of a continuing agreement, understanding, and concert of action among the defendants and co-conspirators . . . ." It is clear that these allegations comply with the requirements of rule 8(b). *Schaffer v. United States,* 362 U.S. 511, 514, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). It is also clear that in the absence of a claim of bad faith on the part of the prosecution, the allegations of the indictment must be taken as true. *United States v. Levine,* 546 F.2d 658, 663 (5th Cir. 1977), *reh. denied,* 551 F.2d 687 (1977); *Stern v. United States,* 409 F.2d 819 (2nd Cir. 1969). There has been no such allegation made by the defendant Dudley in this case. Nor has Dudley shown this Court that the government has made an improper legal interpretation of the joinder rule. *United States v. Levine, supra.*

 Absent this type of showing by Dudley, this Court cannot allow the motion for severance. There has been no improper joinder here. Dudley's argument that it dealt directly only with defendant Campbell Hardware, Inc., is not dispositive. The fact that there is no direct communication among all defendants does not require severance where there is shown a general interrelationship among the defendants in a conspiracy. *United States v. Jones,* 578 F.2d 1332 (10th Cir. 1978), *cert. denied,* 439 U.S. 913, 99 S.Ct. 284, 58 L.Ed.2d 259 (1979). In this case, the government has alleged, and contends it will prove at trial, such a general interrelationship between these defendants. Dudley's motion to sever for improper joinder pursuant to rule 8(b) is therefore denied.

Dudley next submits that even should the initial joinder be deemed proper, it was, nevertheless, prejudicial. Consequently, it asserts, a severance should be granted pursuant to F.R.Crim.P., 14. Rule 14 provides in part: "If it appears that a defendant . . . is prejudiced by a joinder . . . of defendants in an indictment . . . or by such joinder for trial together, the court may . . . grant a severance of defendants or provide whatever other relief justice requires."

In its motion, Dudley argues it is prejudiced by this joinder in that "(1) there is a disparity in the evidence against Dudley and against the Thompson group and, (2) Dudley was involved in a conspiracy for approximately two years, out of fifteen years alleged."

 This Court, having previously determined the initial joinder to have been proper, has within its discretion the decision as to whether these defendants should be tried separately or jointly. *United States v. Wayman,* 510 F.2d 1020 (5th Cir. 1975), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). A decision to try the defendants jointly is subject to reversal only upon a showing of clear prejudice. *United States v. Nell,* 526 F.2d 1223 (5th Cir. 1976); *see also United States v. Pietras,* 501 F.2d 182

(8th Cir. 1974), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974).

 In determining this issue, the Court notes that the general rule, especially in conspiracy cases, is that defendants jointly indicted should be jointly tried. A severance should not be granted absent a showing of the most compelling prejudice. The mere showing of some prejudice is not sufficient. *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978), *cert. denied*, 439 U.S. 829, 99 S.Ct. 105, 58 L.Ed.2d 123 (1979); *United States v. Edwards*, 488 F.2d 1154, 1160 (5th Cir. 1974).

 Dudley has not met its burden of showing such a compelling prejudice here. In this Circuit, a mere disparity of evidence does not constitute grounds for the allowance of a motion to sever under rule 14. The court can minimize the potential for prejudice by giving the jury appropriate limiting instructions. *United States v. Smolar*, 557 F.2d 13, 21 (1st Cir. 1977), *cert. denied*, 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1978). Dudley's second contention concerning the relatively short interval of time that it was allegedly involved appears to be but a variation on the same theme. In any event, a defendant need not have participated in every act or transaction in order to be jointly tried with other defendants. *United States v. Heck*, 499 F.2d 778, 789 (9th Cir. 1974), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974). Accordingly, Dudley's motion for severance because of prejudicial joinder is denied. However, Dudley may renew its motion either before or during trial should additional circumstances arise which would render such a renewal appropriate.

*Other Claims*

Any other claims submitted by defendants as grounds for dismissal of this indictment which have not been expressly dealt with herein are hereby denied.

*Summary*

For all of the above-stated reasons, I deny defendants' motions to dismiss this indictment pursuant to rules 12 and 7(c)(1), F.R.Crim.P. I also deny defendant Dudley's motion to dismiss, or in the alternative to sever, pursuant to rules 12 and 8(b), F.R.Crim.P. Dudley's motion for relief from prejudicial joinder, pursuant to rule 14, F.R.Crim.P., is denied without prejudice.

It is so ORDERED.