**UNITED STATES of America**

v.

**Russell White BROTHERS, Jr., G. Thomas Nebel, and Thomas White Brothers.**

No. 3-92-00102.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 26, 1993.

Hal McDonough and Wendy Goggin, Asst. U.S. Attys., Nashville, TN, for plaintiff.

Michael E. Terry, Nashville, TN, for defendant Russell Brothers.

J. Sedwick Sellers, III, Washington, DC and Larry D. Thompson, Atlanta, GA, for defendant Thomas Nebel.

William H. Jeffress, Jr. and Paul F. Enzinna, Miller, Cassidy, Larroca & Lewin, Washington, DC, for defendant Thomas Brothers.

### MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendant Thomas Brothers' motion[1] (filed February 12, 1993; Docket Entry No. 245) to strike Overt Acts nine through fourteen of the Second Superseding Indictment; and the gov-

---

1. A scheduling conference was held on January 21, 1993, at which Thomas Brothers presented

oral arguments in support of his motion to dismiss Count One of the Superseding Indictment

ernment's response (filed February 23, 1993; Docket Entry No. 265) to the motion. For the reasons stated below, the Court denies the motion.

## I. BACKGROUND

Count One of the Second Superseding Indictment (filed January 29, 1993; Docket Entry No. 233) charges all three defendants with conspiring to violate 18 U.S.C. §§ 1952, 1956, and 1957, all in violation of 18 U.S.C. § 371.[2] The defendant, Thomas Brothers, has moved to strike Overt Acts nine through fourteen of Count One of the Second Superseding Indictment, specifically alleging that "those 'Overt Acts' could not have been in furtherance of the conspiracy alleged, and were thus surplusage." Motion to strike at 1.[3]

The government, relying on its prior response, argues that: (1) the indictment alleges overt acts which occurred both before and after the effective date of the charging statutes; and (2) "none of the overt acts should be stricken as surplusage" since "[e]ach overt act is relevant to proving the on-going conspiracy." Government's response (filed October 26, 1992; Docket Entry No. 128) at 4–5.

## II. DISCUSSION

Mr. Brothers contends that certain of the alleged Overt Acts (Overt Acts nine through fourteen) occurred before the statutory offenses to which they are directed became law. He argues that, since "an overt act in a

(filed October 5, 1992; Docket Entry No. 75). The other two defendants, Russell Brothers and Thomas Nebel, moved orally to adopt Thomas Brothers' motion. The Court granted the defendants' motion to adopt. Since the present motion to strike supersedes the original motion to dismiss, the Court treats it as though all three defendants have joined in the motion.

2. 18 U.S.C. § 371 provides, in relevant part:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and

conspiracy case 'must be done in furtherance of the object of the agreement,' . . . . it would have been impossible for these acts predating the statutes to have been performed in furtherance of an agreement to violate [18 U.S.C. §§ 1956 and 1957]." Memorandum in support of motion to dismiss at 13 (quoting *Sandroff v. United States*, 174 F.2d 1014, 1018 (6th Cir.1949) (jury charge), *cert. denied*, 338 U.S. 947, 70 S.Ct. 485, 94 L.Ed. 584 (1950)).

Sections 1956 and 1957 came into effect on October 27, 1986. *See* Pub.L. No. 99–570, § 1352(a), 100 Stat. 3207, 3207–18 through – 21 (1986). Each of the contested acts took place before that date. *See* Second Superseding Indictment at 6–7. Other overt acts alleged in Count One to have been in furtherance of the conspiracy, however, took place after October 27, 1986. "It is the continuing nature of such crimes as conspiracy ... which saves an indictment even though it alleges a scheme which was originated before, but was executed at least in part after, the effective criminalization of the activity involved in executing the scheme." *United States v. Whitty*, 688 F.Supp. 48, 53 (D.Me.1988); *see United States v. Wells Fargo Armored Serv. Corp.*, 587 F.2d 782, 782–83 (5th Cir.1979); *United States v. Robichaux*, 698 F.Supp. 107, 110–11 (E.D.La. 1988). Therefore, the Court declines to strike the contested Overt Acts because they occurred before the enactment of the statutes.

## III. CONCLUSION

For the reasons stated above, the Court will deny the defendants' motions to strike. An appropriate order shall be entered.

one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

3. In the original motion to dismiss, Thomas Brothers framed the issue as follows: "Second, the Indictment alleges a number of overt acts that appear to be legal impossibilities, because the statutory offenses to which they are directed were not even in existence at the time of the overt acts." Memorandum (filed October 5, 1992; Docket Entry No. 76) in support of motion to dismiss at 1.

388

## ORDER

In accordance with the memorandum contemporaneously entered, the defendant Thomas Brothers' motion (filed February 12, 1993; Docket Entry No. 245) to strike Overt Acts nine through fourteen of the Second Superseding Indictment is denied. The motions[1] of the defendants, Russell White Brothers and G. Thomas Nebel, to strike Overt Acts nine through fourteen of the Second Superseding Indictment also are denied.

It is so ORDERED.

---

1. A scheduling conference was held on January 21, 1993, at which Thomas Brothers presented oral arguments in support of his motion (filed October 5, 1992; Docket Entry No. 75) to dismiss. The other two defendants, Russell Brothers and Thomas Nebel, moved orally to adopt Mr. Thomas Brothers' motion. The Court granted the defendants' motion to adopt. Since the present motion to strike supersedes the prior motion to dismiss, the Court treats the motion as having been made by all three defendants.